Filed 4/15/13  P. v. Sims CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ERNEST JOSEPH SIMS,<br><br>Defendant and Appellant. | F064456<br><br>(Super. Ct. No. MF008419A)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  John R. Brownlee, Judge.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Michael P. Farrell, Assistant Attorney General, and Julie A. Hokans, Deputy Attorney General, for Plaintiff and Respondent.

-ooOoo-

---

[*]Before Gomes, Acting P.J., Poochigian, J. and Peña, J.

## INTRODUCTION

Following an earlier conviction for indecent exposure and resentencing related thereto, defendant Ernest Joseph Sims contends that he should have been awarded additional conduct credits pursuant to Penal Code[1] section 4019, and that the trial court's failure to award the additional credits amounts to a violation of his equal protection rights. Respondent contends the conduct credits awarded by the trial court in February 2012 were proper. The court will affirm the judgment.

## RELEVANT PROCEDURAL BACKGROUND

In September 2011, this court found that defendant's prior separate convictions for violations of section 245, subdivision (a)(1), and section 243, subdivision (d) did not qualify as strikes. (*People v. Sims* (Sept. 29, 2011, F059833) [nonpub. opn.].) Thus, defendant's 25 years-to-life sentence was vacated, the judgment was otherwise affirmed, and the matter was remanded to the trial court for resentencing, or at the People's election, retrial regarding the prior strike allegations.

Following remittitur, the Kern County District Attorney elected not to seek a retrial of the strike priors. Accordingly, the parties agreed that defendant should be resentenced.

On February 22, 2012, for a violation of section 314, subdivision 1, the trial court sentenced defendant to the upper term of three years, plus 3 one-year enhancements imposed pursuant to section 667.5, subdivision (b), for a total of six years.[2] After imposing a number of penalties and fines, the trial court awarded a total of 1,427 days of custody credit.

On that same date, defendant filed a notice of appeal.

---

[1]All further statutory references are to the Penal Code.

[2]The sentence imposed was to be served consecutive to a 16-month sentence imposed in Kern Superior Court case No. SF014967A.

2.

<h1 style="text-align:center">UNDERLYING FACTUAL BACKGROUND</h1>

As noted in this court's prior opinion, on April 30, 2007, while in the custody of the California Department of Corrections and Rehabilitation, and while engaged in conversation with a female correctional officer, defendant stroked his erect penis.

**The Custody Credits Imposed Pursuant to Section 4019 Were Properly Calculated; There Was No Violation of Defendant's Rights as Provided by the Equal Protection Clauses of the California and United States Constitutions**

Defendant maintains that he should have been awarded an additional 429 days of conduct credits pursuant to section 4019. He contends that while the current version of the statute expressly provides that its terms apply prospectively to persons who committed crimes on or after October 1, 2011, equal protection compels that he receive "one-for-one conduct credit." Defendant claims the two classes of prison inmates and parolees—those who committed a crime on or after October 1, 2011, and who may receive additional conduct credits, and those who committed their crimes prior to October 1, 2011, and who are not entitled to additional conduct credits—are similarly situated. Further, defendant contends there is no rational basis for the disparate classes created by the current version of section 4019. The court does not agree.

The relevant portions of the current statute provide as follows:

> "(a) The provisions of this section shall apply in all of the following cases:

> "(1) When a prisoner is confined in or committed to a county jail, … including all days of custody from the date of arrest to the date on which the serving of the sentence commences, under a judgment of imprisonment, or a fine and imprisonment until the fine is paid in a criminal action or proceeding. [¶] … [¶]

> "(f) It is the intent of the Legislature that if all days are earned under this section, a term of four days will be deemed to have been served for every two days spent in actual custody.

> "(g) The changes in this section as enacted by the act that added this subdivision shall apply to prisoners who are confined to a county jail, city

3.

jail, industrial farm, or road camp for a crime committed on or after the effective date of that act.

"(h) The changes to this section enacted by the act that added this subdivision shall apply prospectively and shall apply to prisoners who are confined to a county jail, city jail, industrial farm, or road camp for a crime committed on or after October 1, 2011. Any days earned by a prisoner prior to October 1, 2011, shall be calculated at the rate required by the prior law." (§ 4019, as amended by Stats. 2011, ch. 15, § 482, Stats. 2011, ch. 39, § 53, Stats. 2011-2012, 1st. Ex. Sess., ch. 12, § 35.)

Here, defendant argued for the award of additional conduct credit during the resentencing proceedings:

"[DEFENSE COUNSEL]: Now, the remaining issue is the 254 days that the Court has calculated good-and-work time, which is basically getting—getting half-time credits rather than day-for-day credits.

"Our contention is that under the Constitution of California and the United States, equal protection of the law and the due process of the law should give him credits of—of double that, possibly 509, maybe 508 days' credit instead of the 254, because on October 1st of 2011 the realignment rules went into effect, and a person who commits a crime such as this on or after October 1st, 2011, would receive, essentially, twice as much good-and-work time credits.

"However, the statute seems to read—I emphasize seems—that crimes that occurred before October 1st, but where the sentencing occurs after October 21st, that they only get, basically, essentially, half the amount of credits, which in this case would be 254 days.

"This matter, I think, is being appealed in probably a plethora of cases right now, and we don't know what the final results are going to be.

"I understand the Court is declining, at this point, to award him the—the double amount of credits, but we are making that request, nevertheless, and preserving the record, hopefully."

The trial court sentenced defendant as follows:

"[THE COURT:] As to custody credit, the way I calculated it is as follows: We have 447 days of jail time, plus an additional four days, as you've discussed [defense counsel], plus 58, since he's come back on the remittitur, for a total of 509.

4.

"Since the crime for this case occurred in 2007, my view of the law, at this point he's only entitled to half credit for that. So it's 509, plus 254, for a total of 763.

"His prison time that he has—not jail time but prison time—is an actual 664, for a total of 1,427 days or 3.9 years toward his seven-year sentence."

Because defendant committed his crime in April 2007, the trial court refused to award four days for every two days spent in actual custody to the period during which defendant was in jail custody. Rather, because defendant's crime occurred prior to October 1, 2011, the trial court awarded defendant custody credits in accordance with the then-current section 4019, or prior to January 25, 2010: for every four days spent in actual custody, six days were deemed earned. (Former § 4019, subds. (b), (f).)

Defendant argues however that despite the prospective application language of the current statute, such an application violates his rights to equal protection under the state and federal Constitutions. However, following briefing in this matter, this court decided *People v. Ellis* (2012) 207 Cal.App.4th 1546 (*Ellis*). It is determinative of the outcome here.

In *Ellis*, we held the most recent amendment to section 4019 applies only to eligible prisoners whose crimes were committed on or after October 1, 2011, and such a prospective-only application neither runs afoul of the rules of statutory construction nor does it violate the principles of equal protection. (*Ellis*, *supra*, 207 Cal.App.4th at p. 1548.) That finding relied heavily upon the California Supreme Court's opinion in *People v. Brown* (2012) 54 Cal.4th 314, where the high court held that a prior amendment to section 4019 that became effective on January 25, 2010, applied prospectively only. (*Brown*, *supra*, at p. 318; *Ellis*, *supra*, at p. 1550.)

First, *Brown* examined rules of statutory construction. The high court observed that "[w]hether a statute operates prospectively or retroactively is, at least in the first instance, a matter of legislative intent." (*People v. Brown*, *supra*, 54 Cal.4th at p. 319.)

5.

Where the Legislature's intent is unclear, section 3 and cases construing its provisions require prospective-only application, unless it is "'very clear from extrinsic sources'" that the Legislature intended retroactive application. (*Brown*, *supra*, at p. 319.) It found no cause to apply the January 25, 2010, amendment retroactively as a matter of statutory construction. (*Id.* at pp. 320–322.)

*People v. Brown* also examined *In re Estrada* (1965) 63 Cal.2d 740, which held that when the Legislature amends a statute to reduce punishment for a particular criminal offense, courts will assume, absent evidence to the contrary, that the Legislature intended the amended statute to apply to all defendants whose judgments are not yet final on the statute's operative date. (*People v. Brown*, *supra*, 54 Cal.4th at p. 323; *In re Estrada*, *supra*, at pp. 742–748.) The *Brown* court concluded that *Estrada* did not apply; former section 4019, as amended effective January 25, 2010, did not alter the penalty for any particular crime. (*People v. Brown*, *supra*, at pp. 323–325, 328.) Rather than addressing punishment for past criminal conduct, section 4019 "addresses *future conduct* in a custodial setting by providing increased incentives for good behavior." (*People v. Brown*, *supra*, at p. 325.)

In *Ellis*, this court determined that *Brown*'s reasoning and conclusions apply equally to the current version of section 4019. Therefore, the court held the October 1, 2011, amendment does not apply retroactively as a matter of statutory construction or pursuant to *Estrada*. (*Ellis*, *supra*, 207 Cal.App.4th at pp. 1550-1551.)

With regard to the equal protection issue, *Brown* held prospective-only application of the January 25, 2010, amendment did not violate either the federal or the state Constitution. (*People v. Brown*, *supra*, 54 Cal.4th at p. 328.) That court explained:

> "The concept of equal protection recognizes that persons who are similarly situated with respect to a law's legitimate purposes must be treated equally. [Citation.] Accordingly, '"[t]he first prerequisite to a meritorious claim under the equal protection clause is a showing that the state has adopted a classification that affects two or more *similarly situated* groups in an unequal manner."' [Citation.] 'This initial inquiry is not

6.

whether persons are similarly situated for all purposes, but "whether they are similarly situated for purposes of the law challenged."' [Citation.]

"[T]he important correctional purposes of a statute authorizing incentives for good behavior [citation] are not served by rewarding prisoners who served time before the incentives took effect and thus could not have modified their behavior in response. *That prisoners who served time before and after former section 4019 took effect are not similarly situated necessarily follows*." (*People v. Brown*, *supra*, 54 Cal.4th at pp. 328–329, second italics added.)

The California Supreme Court rejected an argument that its decision in *People v. Sage* (1980) 26 Cal.3d 498 compelled a contrary conclusion, declining to read that case as authority for more than it expressly held. In *Sage*, the high court determined that authorizing presentence conduct credit for misdemeanants who later served their sentences in county jail, but not for felons who ultimately were sentenced to state prison, violated equal protection. (*People v. Brown*, *supra*, 54 Cal.4th at pp. 329-330; see *People v. Sage*, *supra*, at p. 508.) It further refused to find that the holding in *In re Kapperman* (1974) 11 Cal.3d 542 controlled because *Kapperman* is distinguishable; it dealt with a statute granting credit for time served, not good conduct. (*People v. Brown*, *supra*, at p. 330.)

In *Ellis*, this court found no reason why "*Brown*'s conclusions and holding with respect to the January 25, 2010, amendment should not apply with equal force to the October 1, 2011, amendment. [Citation.]" (*Ellis*, *supra*, 207 Cal.App.4th at p. 1552.) Similarly here, defendant's equal protection argument lacks merit. *Ellis* is dispositive of defendant's claim of entitlement to additional conduct credits. The trial court properly calculated the credits to which defendant was entitled during resentencing.

In sum, the trial court did not err in awarding custody credits based upon former section 4019, applying a six-for-four versus one-for-one calculation, because defendant's crime occurred in 2007. Further, defendant's equal protection rights have not been

violated for the reasons explained above. The trial court properly awarded defendant a total of 1,427 days of custody credit.[3]

## DISPOSITION

The trial court is directed to amend the abstract of judgment to reflect a total of 1,427 days of custody credit, comprising 509 days of actual local time, 254 days of local conduct credit, and 664 days of time served in the state prison. Otherwise, the judgment is affirmed.

---

[3]In a footnote, the Attorney General asserts the abstract of judgment should be corrected to reflect the trial court's oral pronouncement regarding the calculation of credits, versus the inaccuracies that appear in a minute order and the abstract of judgment. More specifically, the People maintain that because the trial court awarded a total of 1,427 days' credit comprising 509 days in local custody, 664 days of state prison custody, and 254 days of local conduct credits, the abstract of judgment is incorrect as it states the 1,427-day calculation consists of 763 days' local time and 664 days' local conduct credit.

The general rule is that when there is a discrepancy between the oral pronouncement rendering judgment, as reflected in the reporter's transcript, and the minute order or the abstract of judgment contained in the clerk's transcript, the oral pronouncement controls. (*People v. Mesa* (1975) 14 Cal.3d 466, 471-472.) Here, because the court's oral pronouncement clearly delineates between a total of 509 actual days in local custody, 664 days of state prison custody, and 254 days of local conduct credit, the abstract of judgment should reflect the same.