Filed 3/21/13  P. v. Meeks CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B231385 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA373050) |
| v. | |
| SHARON MEEKS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County. Craig E. Veals and Alex Ricciardulli, Judges.  Conditionally reversed and remanded with directions.

Ann Bergen, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Chung L. Mar and Erika D. Jackson, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Sharon Meeks appeals from a judgment entered after a jury convicted her of simple possession of a controlled substance (cocaine base). (Health & Saf. Code, § 11350.) After Meeks waived her right to jury trial on prior conviction allegations, the trial court found true that Meeks had suffered eight prior prison term convictions within the meaning of Penal Code[1] section 667.5, subdivision (b), and had suffered one prior serious or violent felony conviction within the meaning of the Three Strikes Law (§§ 667, subds. (b)-(1) & 1170.12, subds. (a)-(d)). The court sentenced Meeks to eight years and eight months in prison: the low term of 16 months for the offense, doubled under the Three Strikes Law, plus six years for six prior prison term convictions.[2] The court awarded Meeks custody credit of 247 days and conduct credit of 122 days.

Meeks contends she is entitled to additional presentence conduct credits under the October 2011 amendment to section 4019, arguing the amendment should be applied retroactively to her sentence under principles of equal protection of the law. Applying Supreme Court precedent, *People v. Brown* (2012) 54 Cal.4th 314, 330, we reject Meeks's contention.

Meeks also asks this court to review the record of the in camera hearing on her *Pitchess* motion. (*Pitchess v. Superior Court* (1974) 11 Cal.3d 531.) We conditionally reverse the judgment and remand the matter because the record demonstrates Meeks was entitled to disclosure of additional discoverable information.[3]

**DISCUSSION**

**Conduct Credits**

Meeks's commitment offense occurred on June 29, 2010. She was sentenced on March 2, 2011. At the time of her offense, Meeks was entitled under former section 4019 to two days of conduct credit for every four days actually served. The trial court

---

[1] Further statutory references are to the Penal Code.

[2] The trial court dismissed two of the prior prison term allegations.

[3] As the parties acknowledge, the facts surrounding Meeks's convictions are not germane to the issues Meeks raises on appeal. Accordingly, we do not set forth those facts.

correctly awarded Meeks 122 days of conduct credit based on her 247 days of actual custody credit.

Effective October 1, 2011, section 4019 was amended to provide two days of conduct credit for every two days of actual custody credit. (§ 4019, subd. (f) ["a term of four days will be deemed to have been served for every two days spent in actual custody"].) The amended statute provides: "The changes to this section . . . shall apply prospectively and shall apply to prisoners who are confined to a county jail, city jail, industrial farm, or road camp for a crime committed on or after October 1, 2011." (§ 4019, subd. (h).) Despite this express statement of prospective application, Meeks contends the amendment should be applied retroactively to her sentence under principles of equal protection of the law.

Our Supreme Court rejected this equal protection argument in *People v. Brown*, *supra*, 54 Cal.4th 314 (*Brown*), in deciding whether an earlier amendment to section 4019 "should be given retroactive effect so as to permit prisoners who served time in local custody before that date to earn conduct credits at the increased rate provided for by that amendment due to a state fiscal emergency." (*People v. Ellis* (2012) 207 Cal.App.4th 1546, 1550.) The *Brown* Court explained "the important correctional purposes of a statute authorizing incentives for good behavior [citation] are not served by rewarding prisoners who served time before the incentives took effect and thus could not have modified their behavior in response. That prisoners who served time before and after former section 4019 took effect are not similarly situated necessarily follows." (*Brown*, *supra*, 54 Cal.4th at pp. 328-329.) The Supreme Court held the equal protection clauses of the federal and California Constitutions did not require retroactive application of the amendment. (*Id*. at p. 318.)

Meeks's attempt to distinguish *Brown* fails. She argues *Brown* relates to "temporal distinctions based on the enactment of statutes," while her equal protection argument relates to "a distinction based on the date that the crime occurred." Meeks's argument is a distinction without a difference. (See *People v. Ellis*, *supra*, 207 Cal.App.4th at pp. 1550, 1552 [applying *Brown* in rejecting the defendant's equal

3

protection argument that "the October 1, 2011, amendment [to § 4019] created two identically situated classes of prisoners: those who earn conduct credits at the enhanced rate because their crimes occurred on or after October 1, 2011, and those (like defendant) who do not earn conduct credits at the enhanced rate because their crimes occurred before that date"].)

## *Pitchess* **Motion**

Meeks filed a *Pitchess* motion, requesting pretrial discovery of personnel records of four Los Angeles Police Department (LAPD) officers. In her motion, Meeks asserted the officers lied about the conduct which led to her arrest and filed a false police report. Meeks sought records relating to dishonesty and false statements. The trial court granted her motion. On October 8, 2010, the court conducted an in camera hearing and ordered discoverable material to be disclosed to Meeks. Meeks requests an independent review of the in camera proceedings to determine whether the trial court properly exercised its discretion in ordering disclosure of discoverable material. (*People v. Mooc* (2001) 26 Cal.4th 1216, 1228-1232.)

During preparation of the appellate record in this matter, the court reporter indicated she did not have notes from the in camera hearing on Meeks's *Pitchess* motion and could not prepare a transcript. Meeks filed a motion with this court, requesting an order requiring the trial court to settle the record regarding the in camera hearing on her *Pitchess* motion. We granted Meeks's motion and issued the requested order. On May 3, 2012, the trial court held an in camera hearing to settle the record. The reporter's transcript from that hearing was filed under seal with this court.

We have reviewed the sealed transcript from the May 3, 2012 hearing, which provides a description of the records the trial court reviewed at the October 8, 2010 in camera hearing on the *Pitchess* motion as to each of the four officers, and indicates the records ordered disclosed to Meeks. We noted a potential discrepancy or inconsistency in the sealed transcript regarding whether certain information was ordered disclosed or not disclosed to Meeks at the time of the October 8, 2010 *Pitchess* hearing. We ordered the trial court to settle the record regarding the potential discrepancy or inconsistency in

4

the reporter's transcript from the May 3, 2012 hearing. On January 30, 2013, the trial court held an in camera hearing to settle the record. The reporter's transcript from that hearing was filed under seal with this court. After reviewing the sealed transcripts from the May 3, 2012 and January 30, 2013 hearings, we conclude the trial court properly exercised its discretion in ordering discoverable material to be disclosed to Meeks at the October 8, 2010 hearing on the *Pitchess* motion.

During the May 3, 2012 hearing to settle the record, LAPD informed the trial court of an additional complaint regarding Officer Diaz which was not produced at the time of the October 8, 2010 hearing on Meeks's *Pitchess* motion but falls within the scope of records required to be produced. The trial court reviewed the complaint, provided a description and stated for the record it would have disclosed the information to Meeks if it had been aware of it at the time of the October 8, 2010 hearing on her *Pitchess* motion. The complaint was about alleged false statements regarding the complainant's arrest.

We remand the matter and direct the trial court to order the additional discoverable material regarding Officer Diaz identified at the May 3, 2012 hearing to be disclosed to Meeks. Thereafter, the court shall allow Meeks an opportunity to demonstrate prejudice and shall order a new trial if there is a reasonable probability the outcome would have been different had the information been disclosed. If, after a reasonable time, Meeks has failed to demonstrate prejudice, the court shall reinstate the judgment. (*People v. Hustead* (1999) 74 Cal.App.4th 410, 419, 422-423.)

## DISPOSITION

The judgment is conditionally reversed and the cause remanded with directions to the trial court to order the additional discoverable material regarding Officer Diaz identified at the May 3, 2012 hearing to be disclosed to Meeks. After such disclosure, the

trial court shall allow Meeks an opportunity to demonstrate prejudice, and order a new trial if prejudice is demonstrated.  If prejudice is not demonstrated, the trial court shall reinstate the original judgment.

NOT TO BE PUBLISHED.


                                                CHANEY, J.

We concur:


        MALLANO, P. J.


        JOHNSON, J.