Filed 4/15/13  P. v. Khamseh CA2/6
# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MEHRAN AMIRKHANI KHAMSEH,<br><br>    Defendant and Appellant. | 2d Crim. No. B242997<br>(Super. Ct. No. 2011035278)<br>(Ventura County) |

Mehran Amirkhani Khamseh appeals his conviction by plea to felony driving under the influence causing injury (Veh. Code, § 23153. subd. (a)) and leaving the scene of an accident (Veh. Code, § 20001, subd. (a)).  Appellant admitted causing great bodily injury to two minor children (Pen. Code, § 12022.7 subd. (d))[1], that he caused injury to the minors' mother, that he had a prior strike conviction (§§ 667, subds. (c)(1) & (e)(1); 1170.12, subds. (a)(1) & (c)(1)) and that he had suffered a prior prison conviction (§ 667.5, subd. (b)).

The plea was based on the probation report which indicates that appellant struck a mother and two young children in a crosswalk while driving a tow truck under the influence of methamphetamine.  The mother was knocked to the ground and injured.  The two children were trapped face down under the truck bumper and dragged a quarter mile.

---

[1] All statutory references are to the Penal Code unless otherwise stated.

On June 22, 2012, the trial court sentenced appellant to 11 years four months state prison and awarded 479 days actual credit and 239 days conduct credit (§§ 2900.5; 4019.) Appellant was ordered to pay a $480 restitution fine (§ 1202.4, subd. (b)), a $480 parole revocation fine (§ 1202.45), victim restitution (§ 1202.4, subd. (f)), a $70 court security fee (§ 1465.8,) and an $80 criminal conviction assessment (Gov. Code, § 70373).

Appellant's appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436, setting forth the facts of the case and requesting that we review the entire record on appeal, but raising no specific issue. On February 13, 2013, we notified appellant of his right to file a supplemental brief or letter within 30 days raising any grounds of appeal, contentions or arguments he wished us to consider.

On March 19, 2013, appellant submitted a letter brief stating that he is entitled to enhanced conduct credits even though he committed the offenses on August 31, 2010, well before the 2011 amendment of section 4019 (AB 109) providing that certain defendants may earn one-for-one credits for crimes committed after October 1, 2011. (See *People v. Brown* (2012) 54 Cal.4th 314, 318 & fn. 3; *People v. Ellis* (2012) 207 Cal.App.4th 1546, 1550-1551.)

Having examined the entire record, we are satisfied that appointed counsel has fully complied with her responsibilities and that no arguable issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106, 123-124; *People v. Wende, supra,* 25 Cal.3d at p. 441.)

The judgment is affirmed.

NOT TO BE PUBLISHED.


                                                          YEGAN, J.

We concur:



GILBERT, P.J.



PERREN, J.

Donald D. Coleman, Judge

Superior Court County of Ventura

_____

Gina McCou, under appointment by the Court of Appeal, for Deendant and Appellant.

No appearance for Respondent.