Filed 5/7/13  P. v. Edwards CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>STEPHEN ALLEN EDWARDS,<br><br>    Defendant and Appellant. | G046756<br><br>(Super. Ct. No. 11WF2032)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Vickie L. Hix, Commissioner.  Affirmed.

Jeanine G. Strong, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, James D. Dutton and Meredith S. White, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

As of October 1, 2011, the rate at which a criminal defendant may accrue presentence custody credit changed.  A defendant who committed a crime on or after October 1, 2011, may accrue two good conduct credit days for every two actual custody days.  A defendant who committed a crime before October 1, 2011, accrues good conduct credit at the former rate of two days for every four days of actual custody.

Defendant Stephen Allen Edwards committed burglary and other crimes in August 2011.  He pleaded guilty and was placed on probation.  In March 2012, after admitting to a violation of his probation, defendant's probation was reinstated, and he was awarded presentence custody credit at the rate in effect before the October 1, 2011 statutory amendment.  Defendant challenges the trial court's refusal to calculate his good conduct custody credit at the higher accrual rate.  We affirm.

The statutory language clearly states that the higher accrual rate applies prospectively only.  We reject defendant's contention that the language of the statute is ambiguous.  Further, we reject defendant's claim that a prospective-only application of the higher accrual rate violates equal protection.  Although criminal defendants who committed the same crime before and after October 1, 2011, are similarly situated, a rational basis exists for treating them differently in terms of the accrual of their good conduct credit.

PROCEDURAL HISTORY[1]

Defendant was charged in an amended felony complaint with second degree commercial burglary (Pen. Code, §§ 459, 460, subd. (b)); possession of burglary tools (*id.*, § 466); possession of a controlled substance (Health & Saf. Code, § 11350,

---

[1] Given the limited issue raised on appeal, we need not discuss the facts underlying defendant's crimes.

subd. (a)); and possession of a designated substance (*id.*, § 11375, subd. (b)(2)). The crimes were alleged to have occurred on August 24, 2011. The amended felony complaint also alleged a prison prior sentencing enhancement. (Pen. Code, § 667.5, subd. (b)).

Defendant pleaded guilty to all counts and admitted the prison prior. The trial court suspended imposition of sentence and placed defendant on three years of formal probation.

On March 5, 2012, defendant admitted a violation of his probation. The trial court reinstated his probation on the condition he serve 90 days in county jail. The court awarded defendant 33 days of presentence custody credit—23 days of actual custody credit, and 10 days of good conduct credit. Defendant filed a motion requesting that he be awarded 23 days of good conduct credit, for a total of 46 days of presentence custody credit. The trial court denied the motion. Defendant timely appealed.

DISCUSSION

Before October 2011, defendants in local custody were eligible to earn good conduct credit at a rate of two days for every four days of actual custody. (Pen. Code, former § 4019, subd. (f).) Pursuant to an amendment to Penal Code section 4019, which was operative on October 1, 2011, the accrual rate for good conduct credit changed to two days for every two days of actual custody. (*Id.*, § 4019, subd. (f).) The unambiguous language of the statute makes it clear that the Legislature did not intend it to apply retrospectively: "The changes to this section enacted by the act that added this subdivision shall apply prospectively and shall apply to prisoners who are confined to a county jail, city jail, industrial farm, or road camp for a crime committed on or after October 1, 2011. Any days earned by a prisoner prior to October 1, 2011, shall be calculated at the rate required by the prior law." (*Id.*, § 4019, subd. (h).)

3

Defendant argues the language of Penal Code section 4019, subdivision (h) is ambiguous. The first sentence of subdivision (h) clearly states that the increased accrual rate applies prospectively only. The second sentence of subdivision (h) provides: "Any days earned by a prisoner prior to October 1, 2011, shall be calculated at the rate required by the prior law." (Pen. Code, § 4019, subd. (h).) Defendant argues the two sentences of section 4019, subdivision (h), when read together, require that "all persons serving time after October 1, 2011, without regard to the date the offense was committed, are entitled to earn day-for-day credits." We disagree. As explained in prior opinions, the two sentences can be read together without creating an ambiguity.

As this court explained in *People v. Rajanayagam* (2012) 211 Cal.App.4th 42, 51, "to read the second sentence" of Penal Code section 4019, subdivision (h) as stating that a defendant earns day-for-day credit after October 1, 2011, no matter when the crime was committed, "renders meaningless the first sentence. This we cannot do." Rather, this court concluded: "[S]ubdivision (h)'s first sentence reflects the Legislature intended the enhanced conduct credit provision to apply only to those defendants who committed their crimes on or after October 1, 2011. Subdivision (h)'s second sentence does not extend the enhanced conduct credit provision to any other group, namely those defendants who committed offenses before October 1, 2011, but are in local custody on or after October 1, 2011. Instead, subdivision (h)'s second sentence attempts to clarify that those defendants who committed an offense before October 1, 2011, are to earn credit under the prior law. However inartful the language of subdivision (h), we read the second sentence as reaffirming that defendants who committed their crimes before October 1, 2011, still have the opportunity to earn conduct credits, just under prior law. [Citation.] To imply the enhanced conduct credit provision applies to defendants who committed their crimes before the effective date but served time in local custody after the effective date reads too much into the statute and ignores the Legislature's clear intent in subdivision (h)'s first sentence. [¶] We recognize the Legislature in drafting

4

subdivision (h)'s second sentence used the word 'earned.' And it is impossible to earn presentence credits for an offense that has not yet been committed. But reading the first and second sentences together, the implication is the enhanced conduct credit provision applies to defendants who committed crimes before October 1, 2011, but who served time in local custody after that date. To isolate the verbiage of the second sentence would defy the Legislature's clear intent in subdivision (h)'s first sentence and contradict well-settled principles of statutory construction. In conclusion, we find the enhanced conduct credit provision applies *only* to those defendants who committed their crimes on or after October 1, 2011." (*People v. Rajanayagam*, *supra*, at p. 52, fn. omitted.)

Similarly, the court in *People v. Ellis* (2012) 207 Cal.App.4th 1546, 1553, held: "In our view, the Legislature's clear intent was to have the enhanced rate apply *only* to those defendants who committed their crimes on or after October 1, 2011. [Citation.] The second sentence does not extend the enhanced rate to any other group, but merely specifies the rate at which all others are to earn conduct credits. So read, the sentence is not meaningless, especially in light of the fact the October 1, 2011, amendment to [Penal Code] section 4019, although part of the so-called realignment legislation, applies based on the date a defendant's crime is committed, whereas [Penal Code] section 1170, subdivision (h), which sets out the basic sentencing scheme under realignment, applies based on the date a defendant is sentenced."

We agree with *People v. Rajanayagam* and *People v. Ellis* that the second sentence of Penal Code section 4019, subdivision (h) reiterates that defendants who committed their crimes before October 1, 2011 will accrue good conduct credit at the rate specified under the earlier version of the statute. The second sentence of subdivision (h) does not create an ambiguity when read in conjunction with the first sentence of that subdivision.

5

Defendant also argues a prospective-only application of Penal Code section 4019, subdivision (f) would violate equal protection. To prevail on an equal protection claim, defendant must show the state has adopted a classification affecting two similarly situated groups in an unequal manner, and no rational basis exists for doing so. (*People v. Hofsheier* (2006) 37 Cal.4th 1185, 1199-1200.) Defendant has made the requisite showing as to the first prong of the equal protection analysis. "Defendants who committed offenses and earned conduct credit before the operative date of the statute are treated more harshly than those who committed the same crimes and earned conduct credit on or after October 1, 2011. The two groups are similarly situated in the sense that they committed the same offenses but are treated differently in terms of earning conduct credit based solely on the dates their crimes were committed. For purposes of receiving conduct credit, nothing distinguishes the status of a prisoner whose crime was committed after October 1, 2011, from one whose crime was committed before that date." (*People v. Verba* (2012) 210 Cal.App.4th 991, 995-996; see also *People v. Rajanayagam*, *supra*, 211 Cal.App.4th at pp. 53-54.)

However, a rational basis exists for making the increased accrual rate for good conduct credit apply only to those crimes committed after a date certain. The classification created by the October 1, 2011, amendment to Penal Code section 4019 bears a rational relationship to cost savings, balanced against public safety, by increasing the accrual rate for good conduct credit, and thereby decreasing the time certain defendants will spend in custody, while ensuring that defendants are punished according to the sanction in effect as of the date their crime was committed. (See *People v. Rajanayagam*, *supra*, 211 Cal.App.4th at p. 55; *People v. Verba*, *supra*, 210 Cal.App.4th at pp. 996-997.)

DISPOSITION

The postjudgment order is affirmed.


FYBEL, ACTING P. J.

WE CONCUR:


IKOLA, J.


THOMPSON, J.