Filed 6/26/13  P. v. Barber CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E057955 |
| v. | (Super.Ct.No. RIF153732) |
| JERMAINE EUGENE BARBER, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Richard Todd Fields, Judge.  Affirmed.

John F. Schuck, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant Jermaine Eugene Barber appeals from the denial of his postjudgment motion for additional conduct credits pursuant to Penal Code section 4019.[1] As we discuss, there was no error.

BACKGROUND

On October 28, 2009, defendant was charged with one count of robbery (§ 211) and one count of false imprisonment by violence, menace, fraud and deceit (§ 236). As to both crimes, the complaint alleged that defendant personally used a firearm within the meaning of section 12022.53, subdivision (b), causing the crimes to be serious felonies within the meaning of section 1192.7, subdivision (c)(8). The victim was the same in both counts and the crimes were alleged to have been committed on or about October 26, 2009. The complaint also alleged one prison prior within the meaning of section 667.5, subdivision (b).

On November 10, 2009, defendant entered into a plea bargain. Defendant was permitted to plead guilty to robbery with personal use of a firearm in return for a negotiated sentence of five years, consisting of the low term of two years for the robbery and the low term of three years for the gun use enhancement. All other charges and allegations would be dismissed. On December 2, 2010, defendant entered his plea and received the agreed-upon sentence. The court awarded defendant 100 days in actual presentence credits and 15 days in presentence custody credits.

---

[1] All statutory citations refer to the Penal Code.

2

On January 14, 2013, defendant filed an ex parte application to correct presentence conduct credits based on a 2011 amendment to section 4019 which provides for greater conduct credits than the version of section 4019 in effect when defendant was sentenced. The trial court denied the motion. Defendant filed a notice of appeal on January 24, 2013.

## DISCUSSION[2]

We appointed counsel to represent defendant on appeal. After examination of the record, counsel filed an opening brief raising no issues and asking this court to independently review the record. We offered defendant the opportunity to file any supplemental brief he deemed necessary, but he did not do so.

We have examined the entire record and have found no sentencing error, nor any other postplea error. We are satisfied that defendant's attorney has fully complied with his responsibilities and that no arguable issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106, 109-110; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

In reaching this conclusion, we examined several matters mentioned by appointed counsel but not argued.

*1. Does the 2011 Amendment to Section 4019 Apply to Defendant?*

Section 4019 was amended in 2011, to provide that persons convicted of a felony which was committed before October 1, 2011, the operative date of the amendment,

---

[2] The limited record on appeal does not contain any information on the facts of the underlying offenses.

would be awarded day-for-day conduct credits. By the express terms of the statute, it does not apply to defendant, whose crime was committed in 2009. (*People v. Ellis* (2012) 207 Cal.App.4th 1546, 1549-1553.) Prospective application of the amendment does not violate equal protection principles. (*Ibid.*)

   *2. Despite the Amendment to Section 4019, Does Section 2933.1 Still Apply to Limit Defendant's Conduct Credits to 15 Percent?*

   As pertinent here, section 2933.1 provides:

   "(a) Notwithstanding any other law, any person who is convicted of a felony offense listed in subdivision (c) of Section 667.5 shall accrue no more than 15 percent of worktime credit, as defined in Section 2933. [¶] . . . [¶]

   "(c) Notwithstanding Section 4019 or any other provision of law, the maximum credit that may be earned against a period of confinement in, or commitment to, a county jail, industrial farm, or road camp, or a city jail, industrial farm, or road camp, following arrest and prior to placement in the custody of the Director of Corrections, shall not exceed 15 percent of the actual period of confinement for any person specified in subdivision (a)."

   Robbery is a crime listed in section 667.5, subdivision (c), specifically subdivision (c)(9). Accordingly, even if the 2011 amendment to section 4019 applied to defendant, section 2933.1 would still limit his presentence and postsentence work credits to 15 percent.

4

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
Acting P.J.

We concur:

RICHLI
J.

KING
J.

5