Filed 8/2/13  P. v. Hasan CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E057001 |
| v. | (Super.Ct.No. RIF1104391) |
| OMAR ABDULLAH HASAN, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Becky Dugan, Judge.

Affirmed.

Lewis A. Wenzell, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Alana Cohen Butler and James D. Dutton, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Omar Abdullah Hasan pled guilty to grand theft (Pen. Code, § 487, subd. (a)),[1] passing a forged check (§ 475, subd. (a)), forgery (§ 470, subd. (d)), and commercial burglary (§§ 459-460, subd. (d)).  Defendant also admitted that he had suffered two prior prison terms and one prior strike conviction (§ 667, subd. (e)(1)).  In return, defendant was sentenced to a total term of 32 months in state prison with credit for time served of 83 days of actual credit and 40 days of conduct credit, for a total of 123 days.

On appeal, defendant contends that his presentence custody credit should have been calculated under the amended section 4019, effective October 1, 2011, for all days served in custody on and after the effective date as a matter of statutory construction, for an additional award of 15 days.  We reject this contention and affirm the judgment.

I

DISCUSSION[2]

Penal Code section 4019 allows inmates to receive conduct credit (for work and good behavior) while they are in custody prior to sentencing.  Historically, the statute entitled defendants to "one-for-two conduct credits, which is two days for every four days of actual time served in presentence custody.  [Citation.]"  (*People v. Rajanayagam* (2012) 211 Cal.App.4th 42, 48 (*Rajanayagam*).)  But in light of the state's budget crisis,

---

[1] All future statutory references are to the Penal Code unless otherwise stated.

[2] The details of defendant's criminal conduct are not relevant to the limited legal issue raised in this appeal, and we will not recount them here.

the Legislature began rethinking that formula in 2010. (*Ibid*.) As part of the Criminal Justice Realignment Act of 2011 (Realignment Act), the Legislature amended section 4019 to allow defendants to earn presentence conduct credit at the rate of one-for-one. (*Ibid*; § 4019, subd. (f) ["It is the intent of the Legislature that if all days are earned under this section, a term of four days will be deemed to have been served for every two days spent in actual custody."].)

However, that amendment did not take effect until October 1, 2011. (*Rajanayagam*, *supra*, 211 Cal.App.4th at pp. 49-50.) And, the Legislature made it clear that it did not intend the amendment to be applied retroactively. Subdivision (h) of section 4019 expressly states that the credit rate increase provided for in the Realignment Act "shall apply prospectively and shall apply to prisoners who are confined to a county jail . . . for a crime committed on or after October 1, 2011. Any days earned by a prisoner prior to October 1, 2011, shall be calculated at the rate required by the prior law." (§ 4019, subd. (h).)

Utilizing the preamendment rate, the trial court in this case awarded defendant 40 days of presentence conduct credits, based on 83 days of actual custody, for a total of 123 days credit. Defendant admits the preamendment rate applies for the time he spent in custody from the date of his offense on August 10, 2011 until September 30, 2011. However, he contends, as a matter of statutory construction, he should be given the enhanced credit rate for the 30 days he was in custody after October 1 to the day he was sentenced.

That would result in defendant receiving an additional 15 days of presentence conduct credit but, as the court explained in *Rajanayagam*, the standard principles of statutory construction do not support that result. The second sentence of section 4019, subdivision (h), does imply that conduct credits should be awarded at the enhanced rate for time spent in custody after October 1, 2011. But that would render the provision's first sentence regarding prospective application meaningless, which would contravene the well-established tenet that statutes should be construed in a manner so as to give meaning to all of their provisions. (*Rajanayagam*, *supra*, 211 Cal.App.4th at p. 51.)

Although section 4019 could have been drafted more artfully, defendant's proposed construction would also undermine the Legislature's intent, as reflected in the first sentence, that the enhanced credit rate shall apply only to those defendants who committed their crimes on or after October 1, 2011. "To imply the enhanced conduct credit provision applies to defendants who committed their crimes before [that] date but served time in local custody after [that] date reads too much into the statute and ignores the Legislature's clear intent in subdivision (h)'s first sentence." (*Rajanayagam*, *supra*, 211 Cal.App.4th at p. 52, fn. omitted.)

Moreover, absent a clearly manifested intent to the contrary, there is a legal presumption that all statutes operate prospectively. (*Evangelatos v. Superior Court* (1988) 44 Cal.3d 1188, 1208-1209.) Statutes ambiguous with respect to retroactive application are to be construed as prospective. (*Ibid.*; *People v. Brown* (2012) 54 Cal.4th 314 (*Brown*); see also *Lindh v. Murphy* (1997) 521 U.S. 320, 328, fn. 4 [statute applied retroactively only where statutory language is "so clear that it could sustain only one

4

interpretation"].) One noted exception to the presumption of prospective application exists where the Legislature reduces the *punishment* for a particular offense. (*In re Estrada* (1965) 63 Cal.2d 740, 748.) However, section 4019 merely addresses future conduct; it does not alter the penalty for any particular crime and that exception is not applicable here. (*People v. Ellis* (2012) 207 Cal.App.4th 1546, 1551 (*Ellis*); see also *Brown*, at p. 325.)

Defendant points out that, in deciding a 2010 amendment to section 4019 should be applied prospectively only, our Supreme Court in *Brown*, *supra*, 54 Cal.4th 314 surmised that to apply the amendment in that fashion would result in defendants whose custody overlapped the statute's operative date earning conduct credit at two different rates. (*Id*. at p. 322.) That conclusion is inapplicable here, as the court was addressing the amendment to section 4019 that became effective January 25, 2010, not the current section 4019. (*Brown*, *supra*, at p. 318; Stats. 2009, 3d Ex.Sess. 2009-2010, ch. 28, § 50.) The former statute did not contain an express provision regarding prospective application, as it does now; and *Brown* did not hold, as defendant's argument suggests, that any subsequent amendment to section 4019, regardless of express language or legislative intent, would result in two accrual rates if it became effective during a defendant's incarceration. (See *Rajanayagam*, *supra*, 211 Cal.App.4th at p. 52, fn. 4.) Consistent with that expression, we interpret section 4019 and the enhanced credit provisions contained therein as applying only to defendants who commit a crime on or after October 1, 2011. Given that defendant committed his crime before October 1, 2011, he does not come within the scope of those provisions.

The Court of Appeal in *Ellis*, *supra*, 207 Cal.App.4th 1546 similarly concluded: "In our view, the Legislature's clear intent was to have the enhanced rate apply only to those defendants who committed their crimes on or after October 1, 2011. [Citation.] The second sentence does not extend the enhanced rate to any other group, but merely specifies the rate at which all others are to earn conduct credits. So read, the sentence is not meaningless, especially in light of the fact the October 1, 2011, amendment to section 4019, although part of the so-called realignment legislation, applies based on the date a defendant's crime is committed, whereas section 1170, subdivision (h), which sets out the basic sentencing scheme under realignment, applies based on the date a defendant is sentenced." (*Ellis*, *supra*, 207 Cal.App.4th at p. 1553.)

We agree with the reasoning of the *Rajanayagam* and *Ellis* courts and reach the same conclusion. The plain language of section 4019, subdivision (h), makes clear the amendment's new credit calculation rate applies only to individuals who are confined for a crime committed on or after October 1, 2011. Reasonably read, the second sentence does not permit a court to ignore this plain language. We thus reject defendant's contention he is statutorily entitled to conduct credits at the increased rate provided in the amended version of section 4019 from October 1 to the date he was sentenced.

II

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

HOLLENHORST
J.

MILLER
J.