Filed 8/8/13  P. v. Vega CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>ARTURO COX VEGA,<br><br>        Defendant and Appellant. | C071069<br><br>(Super. Ct. Nos. CRF102728,<br>  CRF064317, CRF060997) |

        In August 2006, defendant Arturo Cox Vega pleaded no contest to assault by means likely to produce great bodily injury (Pen. Code, § 245, subd. (a); unless otherwise stated, section references that follow are to the Penal Code) in case No. 06-0997, and attempted second degree robbery (§§ 664, 211, 212.5, subd. (c)) in case No. 06-4317. Defendant was placed on three years' formal probation in both cases.

        In February 2012, defendant pleaded no contest to assault by means likely to produce great bodily injury (§ 245, subd. (a)) and admitted strike (§§ 667, 1170.12) and criminal street gang (§ 186.22, subd. (b)(1)) allegations in case No. 10-2728.  Sentencing defendant in all three cases, the trial court imposed a stipulated term of eight years eight

1

months in state prison, and awarded the following presence credit: 1053 days (703 actual and 350 conduct) in case No. 10-2728, 841 days (421 actual and 420 conduct) in case No. 06-0997, and 247 days (165 actual and 82 conduct) in case No. 06-4317.

On appeal, defendant contends he is entitled to additional conduct credits for presence custody occurring on and after the effective date of the Criminal Justice Realignment Act of 2011 (Realignment Act). We affirm the judgment.

## DISCUSSION

The facts underlying defendant's crimes need not be set forth because they are not relevant to our resolution of this appeal.

Defendant contends he is entitled to additional conduct credits for presence custody served on or after the October 1, 2011, effective date of the Realignment Act. We disagree.

Defendant's claim addresses the award of credits in case No. 10-2728, in which defendant was awarded 1053 days' presence credit (703 actual and 350 conduct) for time served from May 30, 2010, until defendant was sentenced on May 1, 2012. Defendant committed the crime in case No. 10-2728 on May 30, 2010. Under the law in effect at the time, a defendant with a current or prior strike conviction was entitled to earn two days' presence conduct credit for every four days of presence custody. (Former § 4019, as amended by Stats. 2009, 3d Ex. Sess., ch. 28, § 50.)

The Realignment Act amended the law, entitling defendants to two days of conduct credits for every two days of presence custody. (§ 4019, subds. (b), (c), (f).) The award of credits is not reduced by a defendant's current or prior conviction for a serious felony. The provision contains a savings clause, which states: "The changes to this section enacted by the act that added this subdivision shall apply prospectively and shall apply to prisoners who are confined to a county jail, city jail, industrial farm, or road camp for a crime committed on or after October 1, 2011. Any days earned by a

2

prisoner prior to October 1, 2011, shall be calculated at the rate required by the prior law." (§ 4019, subd. (h).)

Defendant argues that we should adopt the reasoning of *People v. Olague* (2012) 205 Cal.App.4th 1126, review granted August 8, 2012, S203298, and apply the Realignment Act's amendment to section 4019 to time served on or after October 1, 2011. In *Olague*, the Court of Appeal found an ambiguity in section 4019's savings clause, stating: "It is true that after declaring itself to operate 'prospectively,' the October 2011 amendment declares that it will apply 'to prisoners who are confined . . . for a crime committed on or after October 1, 2011.' (§ 4019, subd. (h).) Standing alone this would indeed suggest a classification based upon the date of the offense. In the next sentence, however, the Legislature declared, 'Any days earned by a prisoner prior to October 1, 2011, shall be calculated at the rate required by the prior law.' (§ 4019, subd. (h).) Of course it would have been impossible to earn days in presentence confinement on an offense which had not yet been committed. This sentence is therefore meaningless unless the liberalized credit scheme applies to crimes committed before the stated date. While the statute may thus seem somewhat self-contradictory, the contradiction is only implied. The ambiguity is best resolved by giving effect to both sentences and concluding that the liberalized scheme applies both to prisoners confined for crimes committed after October 1, 2011, and to prisoners confined after that date for earlier crimes." (*Olague,* at pp. 1131–1132.)

Since review was granted in *Olague*, the decision has no precedential value. We also find the Court of Appeal's reasoning unpersuasive. *Olague* was rejected in *People v. Ellis* (2012) 207 Cal.App.4th 1546, in which the Court of Appeal stated: "In our view, the Legislature's clear intent was to have the enhanced rate apply *only* to those defendants who committed their crimes on or after October 1, 2011. [Citation.] The second sentence does not extend the enhanced rate to any other group, but merely specifies the rate at which all others are to earn conduct credits. So read, the sentence is

3

not meaningless, especially in light of the fact the October 1, 2011, amendment to section 4019, although part of the so-called realignment legislation, applies based on the date a defendant's crime is committed, whereas section 1170, subdivision (h), which sets out the basic sentencing scheme under realignment, applies based on the date a defendant is sentenced."  (*Id.* at p. 1553; accord, *People v. Rajanayagam* (2012) 211 Cal.App.4th 42.)

We agree with *Ellis* and accordingly reject defendant's claim.

### DISPOSITION

The judgment is affirmed.


      HULL      , J.


We concur:


      RAYE      , P. J.


      MAURO      , J.