Filed 5/30/13  P. v. Hale CA6

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H037877 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. C1079349) |
| v. | |
| JAMES A. HALE, | |
| Defendant and Appellant. | |

## INTRODUCTION

In September 2011, defendant James A. Hale pleaded guilty to second degree burglary (Pen. Code, §§ 459, 460, subd. (b)),[1] fraudulent use of an access card (§§ 484g, subd. (a), 487), possessing a forged driver's license (§ 470b), using personal identifying information without authorization (§ 530.5, subd. (a)), false personation (§ 529), and misdemeanor falsely identifying himself to a peace officer (§ 148.9).  The offenses took place on or about June 8, 2010.  Defendant also admitted that he had a prior strike (§§ 667, subds. (b)-(i), 1170.12) and had served four prior prison terms (§ 667.5, subd. (b)).  In December 2011, the trial court denied defendant's *Romero* motion[2] and sentenced him to prison for six years.  The court granted defendant 835 days of custody credits, consisting of 557 actual days plus 278 days conduct credit.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

On appeal, defendant contends that he is entitled to additional presentence conduct credit pursuant to the version of section 4019 operative October 1, 2011. For reasons that we will explain, we will affirm the judgment.

## BACKGROUND

In 2010, defendant was charged by information with second degree burglary (§§ 459, 460, subd. (b); count 1), fraudulent use of an access card (§§ 484g, subd. (a), 487; count 2), possessing a forged driver's license (§ 470b; count 3), using personal identifying information without authorization (§ 530.5, subd. (a); count 4), false personation (§ 529; count 5), and misdemeanor falsely identifying himself to a peace officer (§ 148.9; count 6). The offenses allegedly took place on or about June 8, 2010. The information further alleged that defendant had a prior strike (§§ 667, subds. (b)-(i), 1170.12) and had served five prior prison terms (§ 667.5, subd. (b)).

In September 2011, defendant pleaded guilty to all counts and admitted the prior strike allegation and four prior prison term allegations. The remaining prior prison term allegation was stricken on motion of the People. Defendant entered his pleas and admissions with the understanding that he would receive a "six year sentence top" and that he could bring a *Romero* motion.

Defendant thereafter filed a *Romero* motion, requesting that the trial court strike his strike. The People filed opposition to the motion. On December 16, 2011, the court denied the motion and sentenced defendant to prison for six years. The sentence consists of four years (double the middle term) on count 1, and concurrent terms of four years (double the middle term) each on counts 2 through 4, plus consecutive terms of one year each for two prison priors. The court stayed the term on count 5 pursuant to section 654, and struck the punishment for the two remaining prison priors. The court granted defendant 835 days of custody credits, consisting of 557 actual days plus 278 days conduct credit. Regarding count 6, the court imposed a one-year jail term, which was deemed satisfied by credit for time served.

Defendant filed multiple notices of appeal from the judgment. While the appeal was pending, defendant filed a motion in the trial court seeking additional presentence conduct credit. The People filed opposition to the motion. The court denied the motion without prejudice, believing the court lacked jurisdiction due to the pending appeal.

Defendant thereafter filed a "renewed" motion in the trial court seeking additional presentence conduct credit. The People filed opposition to the motion. In October 2012, the court denied the motion, stating that the court did not have jurisdiction to rule on the motion and that, even if the court did, defendant was not entitled to additional presentence custody credits. Defendant filed a notice of appeal from the court's order.

## DISCUSSION

Defendant was in presentence custody before and after the operative date of the current version of section 4019. For his time in presentence custody during the latter time period, defendant contends that the trial court should have used the current version of section 4019 to calculate his conduct credit. Under that version, defendant argues that he is entitled to an additional 38 days conduct credit.

The Attorney General contends that defendant is not entitled to any additional conduct credit.

The current version of section 4019 became operative on October 1, 2011. (*People v. Ellis* (2012) 207 Cal.App.4th 1546, 1549-1550 (*Ellis*).) This version generally provides that a defendant may earn conduct credit at a rate of two days for every two-day period of actual custody. (§ 4019, subds. (b), (c) & (f).) Unlike some prior versions of the statutes addressing conduct credit, the current version of section 4019 does not exclude a defendant with a current serious felony conviction, or a prior serious or violent felony conviction, from the specified conduct credit rate. (See Stats. 2009, 3d Ex. Sess. 2009-2010, ch. 28, § 50, eff. Jan. 25, 2010 [former section 4019, subds. (b)(2) & (c)(2)]; Stats. 2010, ch. 426, § 1, eff. Sept. 28, 2010 [former section 2933, subd. (e)(3)]; *People v. Lara* (2012) 54 Cal.4th 896, 899, 906, fn. 9.) However, the current version of

3

section 4019 states: "The changes to this section [regarding two-for-two credits] enacted by the act that added this subdivision shall apply prospectively and shall apply to prisoners who are confined to a county jail . . . for a crime committed on or after October 1, 2011. Any days earned by a prisoner prior to October 1, 2011, shall be calculated at the rate required by the prior law." (§ 4019, subd. (h).)

In this case, defendant committed his offenses on or about June 8, 2010, prior to the October 1, 2011 operative date of the current version of section 4019. Defendant acknowledges that his conduct credit was "correctly calculated" under prior law for his time in actual custody from the date of arrest to September 30, 2011. However, for his time in actual custody *on and after* October 1, 2011, he contends that the October 2011 version of section 4019 should be used to calculate his conduct credit. In other words, his conduct credit should be calculated using two different rates.

In support of his argument that the October 2011 version of section 4019 should be used to calculate a portion of his conduct credit, defendant quotes part of the following language from *People v. Brown* (2012) 54 Cal.4th 314 (*Brown*), which addressed a prior amendment to section 4019 operative January 25, 2010: "To apply former section 4019 prospectively necessarily means that prisoners whose custody overlapped the statute's operative date (Jan. 25, 2010) earned credit at two different rates." (*Brown*, *supra*, at p. 322.) Defendant contends that, although the *Brown* court's statement did not pertain to the October 2011 version of section 4019, "there is no reason why the same analysis would not apply." Defendant's reliance on *Brown* is unpersuasive. As explained in *People v. Rajanayagam* (2012) 211 Cal.App.4th 42 (*Rajanayagam*): "*Brown*, *supra*, 54 Cal.4th at page 322, includes language that supports the conclusion the Supreme Court approved earning conduct credits at two different rates and thus the date when a defendant committed an offense is not dispositive. But in *Brown* the Legislature did not expressly declare whether the January 25, 2010, amendment was to apply retroactively or prospectively. (*Id.* at p. 320.) Here, the Legislature did expressly state the current

4

version of section 4019 is to apply prospectively only to defendants who commit their offenses on or after October 1, 2011." (*Rajanayagam*, *supra*, at p. 52, fn. 4.)

Defendant also relies on the following language in subdivision (h) of section 4019 to support his argument that the current version should be used to calculate his conduct credit for time in actual custody on and after October 1, 2011:  "The changes to this section [regarding two-for-two credits] enacted by the act that added this subdivision shall apply prospectively and shall apply to prisoners who are confined to a county jail . . . for a crime committed on or after October 1, 2011.  Any days earned by a prisoner prior to October 1, 2011, shall be calculated at the rate required by the prior law." (*Id.*, subd. (h).)  According to defendant, "[t]his second sentence is significant because, if the first sentence intended to limit the statute's application to only those inmates whose crimes occurred after October 1, 2011, then the second sentence would not be necessary," and a statute should be construed to avoid rendering portions of it superfluous.

In support of this argument in his opening brief, defendant relied on dicta from this court's decision in *People v. Olague* (2012) 205 Cal.App.4th 1126, review granted August 8, 2012, S203298, review dismissed and cause remanded March 20, 2013.  As the California Supreme Court granted review and ultimately dismissed review, the opinion may no longer be relied on or cited.  (*People v. Kennedy* (2012) 209 Cal.App.4th 385, 400 (*Kennedy*); Cal. Rules of Court, rules 8.1105(e)(1), 8.528(b)(3), 8.1115(a).)

In his reply brief, defendant acknowledges that his statutory interpretation argument was rejected in *Ellis*, *supra*, 207 Cal.App.4th 1546 and in *Rajanayagam*, *supra*, 211 Cal.App.4th 42.  He contends that both cases were wrongly decided.

In *Ellis*, the appellate court held that the October 1, 2011 version of section 4019 "applies only to eligible prisoners whose crimes were committed on or after that date." (*Ellis*, *supra*, 207 Cal.App.4th at p. 1548.)  The *Ellis* court held that because the Legislature specified that the amendment applied "prospectively" (§ 4019, subd. (h)), its

5

"clear intent was to have the enhanced rate apply *only* to those defendants who committed their crimes on or after October 1, 2011. [Citation.]" (*Ellis*, *supra*, at p. 1553.) The *Ellis* court declined to find that the second sentence of section 4019, subdivision (h) extends "the enhanced rate to any other group." (*Ellis*, *supra*, at p. 1553.) Rather, that sentence "merely specifies the rate at which all others are to earn conduct credits." (*Ibid*.)

In *Rajanayagam*, a different appellate court similarly concluded that the conduct credit rate provided by the October 2011 version of section 4019 "applies *only* to those defendants who committed their crimes on or after October 1, 2011." (*Rajanayagam*, *supra*, 211 Cal.App.4th at p. 52.) The *Rajanayagam* court determined that the "plain language" of the first sentence of section 4019, subdivision (h) "leads unmistakably to the conclusion" that the October 2011 version of section 4019 does not apply to a defendant whose crime was committed prior to October 1, 2011. (*Rajanayagam*, *supra*, at p. 51.) Further, the second sentence of section 4019, subdivision (h) "cannot [be] read . . . to imply any days earned by a defendant *after* October 1, 2011, shall be calculated at the enhanced conduct credit rate for an offense committed before October 1, 2011, because that would render the first sentence superfluous." (*Rajanayagam*, *supra*, at p. 51.) Construing each sentence " ' "to produce a harmonious whole," ' " the *Rajanayagam* court reasoned that "[s]ubdivision (h)'s second sentence does not extend the enhanced conduct credit provision to any other group . . . . Instead, subdivision (h)'s second sentence attempts to clarify that those defendants who committed an offense before October 1, 2011, are to earn credit under the prior law. However inartful the language of subdivision (h), we read the second sentence as reaffirming that defendants who committed their crimes before October 1, 2011, still have the opportunity to earn conduct credits, just under prior law. [Citation.] To imply the enhanced conduct credit provision applies to defendants who committed their crimes before the effective date but served time in local custody after the effective date reads too much into the statute and ignores

6

the Legislature's clear intent in subdivision (h)'s first sentence."  (*Id.* at p. 52, fn. omitted.)

This court's decision in *Kennedy*, *supra*, 209 Cal.App.4th 385 is in accord with the decisions in *Ellis* and *Rajanayagam* regarding the statutory interpretation of section 4019. (*Kennedy*, *supra*, at p. 399 ["according to the explicit language of the statute, the 2011 amendment to Penal Code section 4019 applies only to crimes that were 'committed on or after October 1, 2011' "].)  As we are not persuaded by defendant's argument that *Ellis* and *Rajanayagam* were wrongly decided in this regard, we determine that the October 2011 version of section 4019 applies only to those defendants whose crimes were committed on or after October 1, 2011.  Because defendant committed his crimes prior to that date, we conclude that he is not entitled to additional conduct credit under the October 2011 version of section 4019.

**DISPOSITION**

The judgment is affirmed.

_____

BAMATTRE-MANOUKIAN, J.

WE CONCUR:

_____

ELIA, ACTING P.J.

_____

MÁRQUEZ, J.