Filed 6/7/13  P. v. Arnold CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>DOYLE ORLANDO ARNOLD,<br><br>    Defendant and Appellant. | H037541 & H038656<br>(Santa Clara County<br>Super. Ct. Nos. CC817207 &<br>CC775045) |

## I.  STATEMENT OF THE CASE

In H037541, defendant Doyle Orlando Arnold appeals from a judgment entered after the court revoked probation and sentenced him in two separate cases to concurrent terms of two years.  In H038656, defendant appeals from a post-judgment order denying his request for additional presentence conduct credit.[1]  On appeal, he claims that he is entitled to additional presentence conduct credit.  We disagree and affirm the judgment and post-judgment order.

## II.  BACKGROUND

On August 29, 2007, in superior court case No. CC775045, defendant pleaded guilty to possession of a controlled substance, being under the influence of a controlled substance, and possession of narcotics paraphernalia, and he admitted a prior prison term

---

[1] This court ordered the appeals be considered together.

allegation. (Health & Saf. Code, §§ 11350, subd. (a), 11550, subd. (a), 11364; Pen. Code, § 667.5, subd. (b).)[2] The court suspended imposition of sentence and placed him on probation.

On October 23, 2008, in superior court case No. CC817207, defendant pleaded no contest to passing bad checks and admitted a prior prison term allegation. (§ 476a.) Again, the court suspended imposition of sentence and granted probation.

On May 22, 2011, defendant returned to custody due to a probation violation. On July 13, 2011, defendant admitted the violation. The court terminated probation and sentenced him in both cases to concurrent terms of two years. Concerning credit, the court in case No. CC775045 granted him 176 days of presentence custody credit and 113 days of conduct credit. The conduct credit consisted of 60 days calculated under former section 4019 for the 123 days he spent in custody before January 25, 2010; and 53 days calculated under former section 2933 for the 53 days he spent in custody after September 28, 2010. In case No. CC817207, the court granted defendant 300 days of presentence custody credit and 175 days of conduct credit. The conduct credit consisted of 122 days calculated under former section 4019 for the 247 days he spent in custody before January 25, 2010; and 53 days of credit calculated under former section 2933 for the 53 days he spent in custody after September 28, 2010.

After appealing from the judgment (H037541), defendant filed a motion in the trial court seeking additional conduct credit. The court denied the motion. In August 2012, defendant appealed from the order denying his motion.

---

[2] All unspecified statutory references are to the Penal Code.

## II. DISCUSSION[3]

In his post-judgment motion, defendant claimed that former section 2933, subdivision (e) (Stats. 2010, ch. 426, § 1, eff. Sept. 28, 2010), which provided one-for-one conduct credit, applied to all of the presentence custody in both cases and not, as the trial court awarded, just to the 53 days he spent in custody before September 28, 2010, the effective date of former section 2933, subdivision (e).[4] Defendant alternatively argued that if the one-for-one formula did not apply to all presentence custody, then he was nevertheless entitled to the additional credit under federal constitutional principles of equal protection. Thus, in case No. CC775045, defendant sought an additional 63 days of conduct credit; and in case No. CC817207, he sought an additional 125 days of credit.

In his opening brief, defendant acknowledged that *Brown*, *supra*, 54 Cal.4th 314 "essentially forecloses" his claims for additional conduct credit. He reiterates his federal equal protection claim to preserve the right to obtain relief in the event that a petition for writ of certiorari is filed and granted in *Brown*.

We agree that the analyses in *Brown* foreclose defendant's claims. In *Brown*, the court explained that "[c]redits are determined and added to the abstract of judgment at the time of sentencing, but they are *earned* day by day over the course of a defendant's confinement as a predefined, expected reward for specified good behavior." (*Brown,*

---

[3] The facts underlying defendant's offenses and probation violations are not relevant to the issues raised on appeal, and therefore, we need not summarize them.

[4] Until January 2010, section 4019 provided that a defendant would receive two days of conduct credit for every four days of actual custody. From January 2010 until September 2010, section 4019 temporarily increased this to two days of conduct credit for every two days of actual custody, but this increase did not apply to a defendant who was being committed for a serious felony. (*People v. Brown* (2012) 54 Cal.4th 314, 317-318 (*Brown* ); Stats.2009, 3d Ex.Sess., 2009-2010, ch. 28, § 50.) In September 2010, section 4019 was again amended and section 2933 was also amended with regard to presentence conduct credit. These statutes also provided that a defendant being committed for a serious felony would receive two days of conduct credit for every four days of actual custody. (Stats. 2010, ch. 426, §§ 1, 2; former § 2933, subd. (e).)

3

*supra*, 54 Cal.4th at p. 322.)  Thus, credit is accrued and later calculated under the rate applicable *at the time the period of custody was served*, and where a period of custody overlaps two different accrual rates, both rates are used to determine the total amount of credit.  (*Ibid*.)

The *Brown* court also rejected a claim that the federal equal protection clause required the retroactive application of the more generous accrual rate in an amendment to section 4019 to time spent in custody *before* the amendment became effective.  The court explained that the purpose of the higher rate was to increase the incentive for good behavior while in custody.  This purpose of the incentive is served by offering those in custody a higher accrual rate.  However, the purpose is not served by awarding additional credit retroactively for time that has already been served.  For this reason, the court concluded that persons in custody before and after the increased rate became effective were not similarly situated for purposes of an equal protection analysis.

Although *Brown* addressed an earlier amendment to a different statute and not the amendment to section 2933 applicable in this case, its explanation concerning when credit is earned and calculated and its equal protection analysis apply here with equal force.  (See, e.g., *People v. Ellis* (2012) 207 Cal.App.4th 1546, 1552 [applying *Brown* in different but equivalent legislative context].)

Here, the court properly calculated conduct credit based on the accrual rates applicable when defendant was in presentence custody.  He received 53 days of conduct credit under the one-for-one rate in former section 2933, subdivision (e), which in effect during the 53 days he spent in actual custody.  He was not entitled to have the one-for-one rate applied to the time he spent in custody before that rate became effective.

Defendant's reliance on *In re Kapperman* (1974) 11 Cal.3d 542 to support his equal protection argument is misplaced.  The *Brown* court distinguished *Kapperman,* and although defendant considers the distinction identified in *Brown* to be "irrelevant," we do not.  (See *Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.)

4

### III. DISPOSITION

The judgment and the post-judgment order denying additional credit are affirmed.

_____

RUSHING, P.J.

WE CONCUR:

_____

PREMO, J.

_____

ELIA, J.

5