Filed 6/20/13  P. v. Hatch CA1/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>MELVIN JAMES HATCH,<br><br>        Defendant and Appellant. | A137067<br><br>(Napa County<br>Super. Ct. No. CR157565) |

Defendant committed his crime in June 2011, and on July 18, 2012, pleaded no contest to second degree commercial burglary (Pen. Code, § 459),[1] and petty theft with a prior (§ 666).  He also admitted that he had served five prior prison terms (§ 667.5, subd. (b)), and that he had suffered two prior strike convictions (§§ 1170.12, subds. (a)-(d), 667, subds. (b)-(i)).  Subsequently, the trial court granted defendant's *Romero* motion as to his two strikes, and sentenced defendant to prison for six years.  (*People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.)  The court granted defendant presentence credits based on the version of section 4019 in effect when he committed his crime.

On appeal, defendant contends that he is entitled to additional presentence conduct credits.  He claims that the trial court correctly calculated his conduct credits under the former version of section 4019 for the period of June 2011 until

---

[1]  All further unspecified code sections refer to the Penal Code.

1

September 30, 2011, but that it should have calculated his conduct credits including and after October 1, 2011, under the current version of section 4019. We reject defendant's argument but conclude that the trial court's calculation of presentence custody credit is incorrect, and modify the judgment to increase his presentence custody credit from 251 to 255 days.

## BACKGROUND

On August 2, 2011, an information was filed charging defendant with second degree commercial burglary (§ 459), and petty theft with a prior (§ 666). The information also alleged that defendant had served five prior prison terms (§ 667.5, subd. (b)), and that he had suffered two prior strike convictions (§§ 1170.12, subds. (a)-(d), 667, subds. (b)-(i)).

Defendant, as stated in the police report, took a basket of groceries from a grocery store without paying for them on June 28, 2011. When apprehended a short time later, he could not pay for the groceries.

On July 18, 2012, pursuant to a negotiated disposition, defendant pleaded no contest to the charged burglary and petty theft, and admitted serving four prior prison terms and suffering two strike convictions. On November 6, 2012, the trial court denied probation. The court granted defendant's *Romero* motion as to his two strikes.

The trial court sentenced defendant to state prison for a total term of six years. At the hearing, the court stated it was awarding defendant a total of 251 days of credit for his presentence custody, which included 171 days of actual time served, and an additional 80 days of conduct credit. The abstract of judgment states that defendant was awarded 256 days of credit, consisting of 171 actual days and 85 days of conduct credit.

Defendant filed a timely notice of appeal.

## DISCUSSION

Section 4019 governs conduct credits. Before January 25, 2010, subdivisions (b) and (c) of section 4019 provided that for "each six-day period in

2

which a prisoner is confined in or committed to" a local facility, one day is deducted from the period of confinement for performing assigned labor and one day is deducted from the period of confinement for satisfactorily complying with the rules and regulations of the facility. (Stats. 1982, ch. 1234, § 7, p. 4553.) Former subdivision (f) of section 4019 provided, "[I]f all days are earned under this section, a term of six days will be deemed to have been served for every four days spent in actual custody." (Stats. 1982, ch. 1234, § 7, p. 4554.)

Effective January 25, 2010, section 4019 was amended to provide that certain defendants could earn presentence credits at the rate of two days for every two days in custody, commonly referred to as one-for-one credits. (Stats. 2009, 3rd Ex. Sess. 2009–2010, ch. 28, § 50.) Exempted from this amendment were registered sex offenders and defendants committed for a serious felony or who had prior serious or violent felony convictions. These defendants were subject to the pre-January 25, 2010 formula for calculating presentence credits. (§ 4019, former subds. (b)(2) & (c)(2).)

This amendment remained in effect until September 28, 2010, when urgency legislation was adopted restoring the calculation of custody credits to the pre-January 25, 2010 formula for crimes committed after the effective date of the revision. (Stats. 2010, ch. 426, § 2.) Subsequently, in connection with other legislation relating to the Criminal Justice Realignment Act, effective October 1, 2011, section 4019 was once again amended to increase conduct credits and four days are deemed served for every two days in actual custody. (§ 4019, subds. (b), (c), (f); Stats. 2011, ch. 15, § 482.)

In the present case, the trial court calculated defendant's presentence credits based on the version of section 4019 in effect on June 28, 2011, when defendant committed his crime. Since defendant had previously been convicted of a serious felony, former section 4019 provided that he could earn six days of credit for every four days served.

Defendant was in presentence custody before and after October 1, 2011, when the current version of section 4019 became operative. (See *People v. Ellis* (2012) 207 Cal.App.4th 1546, 1549-1550 (*Ellis*).) Defendant contends that the trial court should have used the current version of section 4019 to calculate his conduct credit for the time he spent in presentence confinement on and after October 1, 2011, which he claims would have resulted in 294 presentence credits.

Defendant's argument that the court should have used two different rates to calculate his conduct credit is based on his interpretation of the language in subdivision (h) of section 4019. The current version of section 4019 provides as follows: "The changes to this section [regarding two-for-two credits] enacted by the act that added this subdivision shall apply prospectively and shall apply to prisoners who are confined to a county jail . . . for a crime committed on or after October 1, 2011. Any days earned by a prisoner prior to October 1, 2011, shall be calculated at the rate required by the prior law." (§ 4019, subd. (h), fn. omitted.)

Defendant argues that the first sentence of section 4019, subdivision (h) refers to when a crime is committed and the second sentence refers to days earned by a prisoner. He claims that this distinction is supported by the following language in *People v. Brown* (2012) 54 Cal.4th 314: "[P]risoners who served time before and after former section 4019 took effect are not similarly situated . . . ." (*Brown,* at p. 329.) He maintains that his interpretation is consistent with *Brown* as his construction would result in the amendment being applied prospectively.

Defendant does not cite or refer to the Fifth District's decision, *Ellis, supra,* 207 Cal.App.4th 1546, or the Fourth District's decision, *People v. Rajanayagam* (2012) 211 Cal.App.4th 42 (*Rajanayagam*). Both of these Courts of Appeal held that the amended version of section 4019 "applies only to eligible prisoners whose crimes were committed on or after" October 1, 2011. (*Ellis,* at p. 1548; *Rajanayagam,* at p. 52.) The *Rajanayagam* court determined that the "plain language" of the first sentence of section 4019, subdivision (h) "leads unmistakably to the conclusion" that the October 2011 version of section 4019

does not apply to a defendant whose crime was committed prior to October 1, 2011. (*Rajanayagam,* at p. 51.) Further, the second sentence of section 4019, subdivision (h) "cannot [be] read . . . to imply any days earned by a defendant *after* October 1, 2011, shall be calculated at the enhanced conduct credit rate for an offense committed before October 1, 2011, because that would render the first sentence superfluous." (*Rajanayagam,* at p. 51.) Construing each sentence " ' "to produce a harmonious whole," ' " the *Rajanayagam* court reasoned that "[s]ubdivision (h)'s second sentence does not extend the enhanced conduct credit provision to any other group. . . . Instead, subdivision (h)'s second sentence attempts to clarify that those defendants who committed an offense before October 1, 2011, are to earn credit under the prior law. However inartful the language of subdivision (h), we read the second sentence as reaffirming that defendants who committed their crimes before October 1, 2011, still have the opportunity to earn conduct credits, just under prior law. [Citation.] To imply the enhanced conduct credit provision applies to defendants who committed their crimes before the effective date but served time in local custody after the effective date reads too much into the statute and ignores the Legislature's clear intent in subdivision (h)'s first sentence." (*Id.* at p. 52, fn. omitted.)

We agree with the reasoning of the *Rajanayagam* and *Ellis* courts. We therefore conclude that the trial court correctly applied the version of section 4019 in effect at the time defendant committed his crime when calculating his presentence credits.

Defendant also argues, in a footnote, that former section 2933 applies because the trial court struck his two prior serious and/or violent felonies pursuant to section 1385. Former section 2933 provided a more liberal formula prior to October 1, 2011, and allowed one day's credit for each day served. This statute, however, was declared inapplicable to certain classes of prisoners, including those who, like defendant, had previously been convicted of a serious felony. (Former § 2933, subd. (d); Stats. 2010, ch. 426, § 1.) "[S]ection 1385 does not authorize a

5

court to disregard the historical facts that disqualify a local prisoner from earning the accelerated day-for-day conduct credits under former section 4019." (*People v. Clancey* (2013) 56 Cal.4th 562, 584-585.) " '[W]hen a court has struck a prior conviction allegation it has not "wipe[d] out" that conviction as though the defendant had never suffered it; rather, the conviction remains a part of the defendant's personal history . . .' and available for other sentencing purposes." (*People v. Lara* (2012) 54 Cal.4th 896, 906.) Accordingly, here, the trial court correctly considered defendant's strikes when calculating defendant's presentence conduct credits and, thus, properly declined to apply section 2933.

Finally, we consider whether the actual calculation of the conduct credits was correct. The People contend that we should amend the abstract of judgment because it incorrectly states that the presentence credits are 256 days while the court stated at the sentencing hearing that it was awarding defendant 251 days. The People argue that "[t]he oral pronouncement of judgment controls over any discrepancy with the minutes or the abstract of judgment." (*People v. Sharret* (2011) 191 Cal.App.4th 859, 864.) The People point out that the abstract of judgment also erroneously reflects that these credits were awarded pursuant to section 2933, rather than section 4019. Defendant does not respond to the People's argument regarding alleged clerical errors in the abstract of judgment.

At the hearing, the court declared that defendant had 164 actual days and 82 days of conduct credit. The court then noted that it appeared that defendant was entitled to an additional seven days for time actually served and simply stated that the actual days were 171 (164 plus 7) and that the conduct credit was 80. It is unclear how the court calculated the number of 80 and the People, in their brief in this court, offer no explanation as to how this number was derived.

We agree with the People that the general rule is that when there is a discrepancy between the oral pronouncement rendering judgment, as reflected in the reporter's transcript, and the minute order or the abstract of judgment contained in the clerk's transcript, the oral pronouncement controls and it is

6

presumed that the difference is due to a clerical error in the abstract of judgment. (*People v. Scott* (2012) 203 Cal.App.4th 1303, 1324.)  It is also the " 'general rule' " that " 'a record that is in conflict will be harmonized if possible.  [Citation.] If it cannot be harmonized, whether one portion of the record should prevail as against contrary statements in another portion of the record will depend on the circumstances of each particular case.'  [Citation.]" (*People v. Lawrence* (2009) 46 Cal.4th 186, 194, fn. 4.)

In the present case, the record establishes that defendant spent 171 actual days in county jail and that the trial court intended to calculate conduct credits based on the version of section 4019 that applied when defendant committed his crime in June 2011.  As already discussed, defendant had previously been convicted of a serious felony and section 4019 in June 2011 provided for six days of credit for every four days served.  We thus take the number of actual custody days, 171, divide by four, and discard any remainder, which results in a quotient of 42.  (*In re Marquez* (2003) 30 Cal.4th 14, 25 [rounding up is not permitted].)  We multiply this quotient by two for conduct credits in the amount of 84.  (See *Id.* at pp. 25-26.)  The trial court awarded defendant 251 total credits, and this calculation appears to be in error.  Defendant is entitled to 4 additional days (171 + 84 = 255).

We agree with the People that the abstract of judgment should have indicated that the conduct credit was pursuant to section 2933 rather than section 4019.

We have the inherent power to correct clerical errors in the record to make the record reflect the true facts.  (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.) We may correct these errors at any time and on our own motion or upon the application of the parties.  (*Ibid.*)

## DISPOSITION

The judgment is modified to reflect 255 days of presentence custody credit pursuant to section 4019, consisting of 171 days of actual credit and 84 days of

conduct credit. As modified, the judgment is affirmed. The superior court is directed to prepare an amended abstract of judgment to reflect this modification and to forward a copy to the Department of Corrections and Rehabilitation.

 

_____

Lambden, J.

We concur:

_____

Kline, P.J.

_____

Haerle, J.