Filed 6/27/13  P. v. Collins CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ALVIN LEON LEE COLLINS,<br><br>Defendant and Appellant. | H037336<br>(Monterey County<br>Super. Ct. Nos. SS081318A,<br>SS092538A) |

## I.  INTRODUCTION

In case No. SS081318A, defendant Alvin Leon Lee Collins pleaded no contest to possession of a deadly weapon, a cane sword (Pen. Code, § 12020, subd. (a)(1))[1] and admitted the allegation that he had a prior violent or serious felony conviction that qualified as a strike within the meaning of the Three Strikes law (§ 1170.12, subd. (c)(1)). In case No. SS092538A, defendant pleaded no contest to possession of a controlled substance, cocaine base, (Health & Saf. Code, § 11350, subd. (a)) and admitted the allegation that he had a prior violent or serious felony conviction that qualified as a strike within the meaning of the Three Strikes law (§ 1170.12, subd. (c)(1)).

In both cases, the trial court dismissed the admitted strike allegation, suspended the imposition of sentence, and placed defendant on formal probation for three years. Probation was revoked twice and in August 2011 defendant was sentenced to three years

---

[1] Further unspecified statutory references are to the Penal Code.

in state prison in case No. SS081318A and a consecutive term of eight months in case No. SS092538A. The court granted defendant 252 days of custody credits in case No. SS081318A, consisting of 168 actual days plus 84 days conduct credit under section 4019. In case No. SS092538A, the court granted defendant 182 days of custody credits, consisting of 122 actual days plus 60 days conduct credit under section 4019.

On appeal, defendant contends he is entitled to additional conduct credit under the October 2011 version of section 4019. For reasons that we will explain, we find no merit in defendant's contentions and we will affirm the judgment.

## II. FACTUAL AND PROCEDURAL BACKGROUND

According to the probation report, in April 2008 defendant was arrested for fighting in public and battery. After the arrest, police officers discovered that a two-foot long blade was attached to the handle of defendant's cane. In November 2009, police officers observed defendant as he conducted a hand-to-hand transaction in an area known for drug activity. One officer saw defendant place an object in the gutter that was later determined to be a baggie containing rock cocaine.

Defendant was subsequently charged in 2008 by amended information in case No. SS081318A with possession of a deadly weapon, a cane sword (§ 12020, subd. (a)(1); count 1) and carrying a knife (§ 12020, subd. (a)(4); count 2). The amended information further alleged that defendant had three prior violent or serious felony convictions that qualified as a strike within the meaning of the Three Strikes law (§ 1170.12, subd. (c)(1)) and that he had served four prior prison terms (§ 667.5, subd. (b)).

In 2009, defendant was charged by information in case No. SS092538A with possession of a controlled substance, cocaine base (Health & Saf. Code, § 11350, subd. (a); count 1)). The information further alleged that defendant was out of custody on his own recognizance at the time of the offense (former § 12022.1) and he had

three prior violent or serious felony convictions that qualified as a strike within the meaning of the Three Strikes law (§ 1170.12, subd. (c)(1)).

In February 2010, defendant entered no contest pleas in both cases. In case No. SS081318A, defendant pleaded no contest to possession of a deadly weapon, a cane sword (§ 12020, subd. (a)(1)) and admitted the allegation that he had a prior violent or serious felony conviction that qualified as a strike within the meaning of the Three Strikes law (§ 1170.12, subd. (c)(1)). In case No. SS092538A, defendant pleaded no contest to possession of a controlled substance, cocaine base, (Health & Saf. Code, § 11350, subd. (a)) and admitted the allegation that he had a prior violent or serious felony conviction that qualified as a strike within the meaning of the Three Strikes law (§ 1170.12, subd. (c)(1)).

Defendant was initially sentenced in March 2010. In both cases, the trial court dismissed the admitted strike allegation pursuant to defendant's *Romero* motion,[2] suspended the imposition of sentence, and placed defendant on formal probation for three years. Probation was revoked twice and in August 2011 defendant was sentenced to three years in state prison in case No. SS081318A and a consecutive term of eight months in case No. SS092538A.

At the August 2011 sentencing hearing, the trial court also granted defendant 313 days of custody credits in case No. SS081318A, consisting of 209 actual days plus 104 days of conduct credit under section 4019. In case No. SS092538A, the court granted defendant 182 days of custody credits, consisting of 122 actual days plus 60 days of conduct credit under section 4019.

In June 2012, defendant filed a "motion to correct . . . section 4019 credits." Defendant requested that the trial court award him additional conduct credits under the current version of section 4019, which generally provides that a defendant may earn

---

[2] *People v. Superior Court* (*Romero)* (1996) 13 Cal.4th 497.

3

conduct credit at a rate of two days for every two-day period of actual custody. (§ 4019, subds. (b), (c) & (f).) On September 5, 2012, the trial court denied the motion pursuant to *People v. Brown* (2012) 54 Cal.4th 314 (*Brown*). The court also determined that defendant had been awarded excess credits and awarded corrected credits. In case No. SS081318A, the court awarded a total of 252 days, consisting of 168 actual days and 84 days of conduct credits under section 4019. In case No. SS092538A, the court awarded a total of 182 days, consisting of 122 actual days and 60 days of conduct credits under section 4019.

### III. DISCUSSION

On appeal, defendant contends that his conduct credit should be calculated pursuant to the current version of sections 4019 and 2933, which were operative after he was sentenced in August 2011. Defendant explains that under the current version, he is entitled to a total of 290 days of conduct credit (one day of conduct credit for each actual day in custody) instead of the 144 days awarded by the court for both cases under the less favorable former version of section 4019.

Although defendant acknowledges that the current version of section 4019 is expressly prospective and applies only where the offenses were committed "on or after October 1, 2011" (§ 4019, subd. (h)), defendant contends in his opening brief that the equal protection clauses of the state and federal Constitutions require that the current version be applied to him. However, defendant acknowledges in his supplemental opening brief that this court is bound by the California Supreme Court's decision in *Brown*, *supra*, 54 Cal.4th 314, which is adverse to his position. He states that "[t]he opening brief claims preserve the issue there stated."

The Attorney General contends, based on *Brown*, *supra*, 54 Cal.4th 314, that defendant's equal protection claim fails and he is not entitled to additional conduct credit. For several reasons, we agree.

4

First, the current version of section 4019 generally provides that a defendant may earn conduct credit at a rate of two days for every two-day period of actual custody. (§ 4019, subds. (b), (c) & (f).)  However, as defendant acknowledges, the current version of section 4019 states that the conduct credit rate "shall apply prospectively and shall apply to prisoners who are confined to a county jail [or other local facility] for a crime committed on or after October 1, 2011.  Any days earned by a prisoner prior to October 1, 2011, shall be calculated at the rate required by the prior law."  (§ 4019, subd. (h).)  In this case, defendant committed his crimes and was sentenced *prior* to October 1, 2011.  Thus, the October 2011 version of section 4019, which provides for prospective application, does not apply to defendant.  (§ 4019, subd. (h); *Brown*, *supra*, 54 Cal.4th at p. 322, fn. 11; *People v. Lara* (2012) 54 Cal.4th 896, 906, fn. 9 (*Lara*); *People v. Ellis* (2012) 207 Cal.App.4th 1546, 1550 (*Ellis*); *People v. Kennedy* (2012) 209 Cal.App.4th 385, 395-396 (*Kennedy*).)

Second, defendant's argument that the equal protection clauses of the federal and state Constitutions require that the October 2011 version of section 4019 be applied to him lacks merit under *Brown*, *supra*, 54 Cal.4th 314.  The *Brown* court stated:  "The concept of equal protection recognizes that persons who are similarly situated with respect to a law's legitimate purposes must be treated equally.  [Citation.]  Accordingly, ' "[t]he first prerequisite to a meritorious claim under the equal protection clause is a showing that the state has adopted a classification that affects two or more *similarly situated* groups in an unequal manner." '  [Citation.]  'This initial inquiry is not whether persons are similarly situated for all purposes, but "whether they are similarly situated for purposes of the law challenged." '  [Citation.]"  (*Id.* at p. 328.)

We find *Brown* instructive on the equal protection issue raised by defendant in this case.  In *Brown*, the California Supreme Court held that a former version of section 4019, effective January 25, 2010, applied prospectively, and that the equal protection clauses of the state and federal Constitutions did not require retroactive application.  (*Brown*, *supra*,

5

54 Cal.4th at pp. 318, 328.)  In addressing the equal protection issue, the court explained that "the important correctional purposes of a statute authorizing incentives for good behavior [citation] are not served by rewarding prisoners who served time before the incentives took effect and thus could not have modified their behavior in response.  That prisoners who served time before and after [the January 2010 version of] section 4019 took effect are not similarly situated necessarily follows." (*Brown*, *supra*, at pp. 328-329.)

The *Brown* court also found *In re Strick* (1983) 148 Cal.App.3d 906 (*Strick*), "persuasive" and quoted from that decision as follows:  " 'The obvious purpose of the new section,' . . . 'is to affect the behavior of inmates by providing them with incentives to engage in productive work and maintain good conduct while they are in prison.' [Citation.]  '[T]his incentive purpose has no meaning if an inmate is unaware of it.  The very concept demands prospective application.' [Citation.]  'Thus, inmates were only similarly situated with respect to the purpose of [the new law] on [its effective date], when they were all aware that it was in effect and could choose to modify their behavior accordingly.' [Citation.]" (*Brown*, *supra*, 54 Cal.4th at p. 329.)

Subsequently, in *Lara, supra,* 54 Cal.4th 896, which was decided after defendant filed his opening brief in this appeal, the California Supreme Court rejected the contention that the prospective application of the October 2011 version of section 4019 denied the defendant equal protection under the state and federal Constitutions. (*Lara*, *supra*, at p. 906, fn. 9.)  Citing *Brown*, the California Supreme Court in *Lara* explained that prisoners who serve their pretrial detention before the effective date of a law increasing conduct credits, and those who serve their detention thereafter, "are not similarly situated with respect to the law's purpose." (*Lara*, *supra*, at p. 906, fn. 9.)

Thereafter, the Court of Appeal in *Ellis*, *supra*, 207 Cal.App.4th 1546 cited *Lara* and similarly concluded that *Brown*'s holding with respect to the January 2010 version of section 4019 also applies to the October 2011 version and that the prospective-only

6

application of the October 2011 version does not violate equal protection. (*Ellis*, *supra*, at p. 1552 ["We can find no reason *Brown*'s conclusions and holding with respect to the January 25, 2010, amendment should not apply with equal force to the October 1, 2011, amendment"]; accord, *Kennedy*, *supra*, 209 Cal.App.4th at p. 397 ["the reasoning of *Brown* applies with equal force to the prospective-only application of the current version of section 4019"]; but see *People v. Verba* (2012) 210 Cal.App.4th 991, 995-996.)

In this case, we similarly determine that defendant is not entitled to additional conduct credit under the October 2011 version of section 4019 by virtue of state or federal equal protection principles. (See *Auto Equity Sales, Inc*. v. *Superior Court* (1962) 57 Cal.2d 450, 455 (*Auto Equity Sales, Inc*.).)

Finally, we consider defendant's alternative argument, raised in his supplemental opening brief, that a pretrial detainee who is unable to afford bail may actually serve more time in custody than a wealthier counterpart who is able to make bail before being sentenced to an identical prison term. Defendant argues that this disparate treatment results from the fact that the defendant who makes bail is subsequently able to earn postsentence credits on a one-for-one basis (§ 2933), whereas some defendants who do not make bail will earn presentence conduct credit at a less favorable rate. Defendant contends that equal protection therefore requires the current version of section 4019, which provides for conduct credit at a rate of two days for every two-day period of actual custody, be retroactively applied to him.

We are not persuaded by defendant's alternative argument. The California Supreme Court has ruled that "the pre- and postsentence credit systems serve disparate goals and target persons who are not similarly situated." (*People v. Buckhalter* (2001) 26 Cal.4th 20, 36.) Defendant thus fails to demonstrate an equal protection violation. (See *People v. Heard* (1993) 18 Cal.App.4th 1025, 1030-1031 [differences in conduct credit formulas for pretrial detainees under former section 4019 and state prison inmates under section 2931 did not violate equal protection].)

7

Accordingly, following *Brown* and *Lara*, we determine that defendant is not entitled to additional conduct credit under the October 2011 version of section 4019. (*Auto Equity Sales, Inc., supra,* 57 Cal.2d at p. 455; see *Ellis*, *supra*, 207 Cal.App.4th at p. 1548 ["prospective-only application" of the October 2011 version of section 4019 does not violate equal protection].)

## IV.  DISPOSITION

The judgment is affirmed.

_____
BAMATTRE-MANOUKIAN, J.

WE CONCUR:

_____
ELIA, ACTING P.J.

_____
MÁRQUEZ, J.