Filed 9/26/13  P. v. Dunn CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>RICKEY V. DUNN,<br><br>        Defendant and Appellant. | A137048<br><br>(San Francisco County<br>Super. Ct. No. 215953) |

Rickey V. Dunn (appellant) appeals from a judgment entered after he admitted violating his probation and the trial court sentenced him to two years in state prison.   He contends he was entitled to additional days of custody credit under Penal Code section 4019[1] for days he spent in custody after October 1, 2011.  We reject the contention and affirm the judgment.

**FACTUAL AND PROCEDURAL BACKGROUND**

On June 21, 2011, an information was filed charging appellant with felony assault with force likely to cause great bodily injury (§ 245, subd. (a)(1), count one), misdemeanor battery (§ 243, subd. (e)(1), count two), and contempt of court regarding a stay away or protective order (§ 166, subd. (c)(1), count three).  Appellant pleaded guilty to assault and the remaining charges were dismissed.  On September 15, 2011, the court suspended imposition of sentence and placed appellant on probation for three years with various conditions, including that he serve one year in jail.

---

[1]  All further statutory references are to the Penal Code.

1

On May 10, 2012, the district attorney moved to revoke appellant's probation and the court administratively revoked probation that day. On June 18, 2012, appellant admitted having violated his probation. On October 12, 2012, the court sentenced him to the low term of two years in prison. The court awarded him 403 days of credit for actual time served and 200 days of conduct credit.

Because the only issue on appeal relates to the award of custody credits, a summary of the underlying offense and probation violation is not relevant.

## DISCUSSION

A defendant sentenced to prison is entitled to have all presentencing days spent in custody credited against the term of imprisonment. (§ 2900.5, subd. (a).) The defendant also may be awarded additional presentence conduct credits for satisfactorily performing labor assignments (§ 4019, subd. (b)), and for complying with "reasonable rules and regulations" (§ 4019, subd. (c)).

Section 4019 has been amended several times in recent years. Before January 25, 2010, defendants were entitled to two days of conduct credit for every four days of actual time served in presentence custody. (Former § 4019, subd. (f), as amended by Stats. 1982, ch. 1234, § 7, pp. 4553-4554.) Effective January 25, 2010, the Legislature amended section 4019 to accelerate the accrual of presentence conduct credit such that certain defendants earned one-for-one conduct credits, or two days of conduct credit for every two days in custody.[2] (Stats. 2009, 3d Ex. Sess. 2009–2010, ch. 28, § 50 [enacting Sen. Bill No. 18XXX].)

Effective September 28, 2010, the Legislature again amended section 4019, restoring the less generous one-for-two presentence conduct credit calculation that had been in effect before the January 25, 2010 amendment. (Former § 4019, subds. (b), (g), as amended by Stats. 2010, ch. 426, §§ 1, 2, 5 [enacting Sen. Bill No. 76].) Thereafter,

---

[2] "The Legislature withheld this possibility of early release, however, from any prisoner who was required to register as a sex offender (see § 290 et seq.), was committed for a serious felony (see § 1192.7), or had a prior conviction for a serious or violent felony (see §§ 667.5, 1192.7). (Former § 4019, subds. (b)(2), (c)(2).)" (*People v. Lara* (2012) 54 Cal.4th 896, 899.)

2

the Legislature amended section 4019 as part of the Realignment Legislation, whose purpose was "to reduce recidivism and improve public safety, while at the same time reducing corrections and related criminal justice spending." (See *People v. Cruz* (2012) 207 Cal.App.4th 664, 679.) Pursuant to this amendment, all local prisoners were awarded conduct credit at the rate of two days for every two days spent in local presentence custody. (§ 4019, subds. (b), (c), as amended by Stats. 2011, ch. 15, § 482, [enacting Assem. Bill No. 109] eff. Apr. 4, 2011, operative Oct. 1, 2011.) The Legislature declared, "It is the intent of the Legislature that if all days are earned under this section, a term of four days will be deemed to have been served for every two days spent in actual custody." (§ 4019, subd. (f), as amended by Stats. 2011, ch. 15, § 482.) The Legislature further declared, "The changes to this section . . . shall apply prospectively and shall apply to prisoners who are confined to a county jail, city jail, industrial farm, or road camp for a crime committed on or after July 1, 2011. Any days earned by a prisoner prior to July 1, 2011, shall be calculated at the rate required by the prior law." (Stats. 2011, ch. 15, § 482.) Before the operative date of July 1, 2011, the governor signed a bill changing the effective date to October 1, 2011. (Assem. Bill No. 117 (2011-2012 Reg. Sess.); former § 4019, subd. (h), as amended by Stats. 2011, ch. 39, § 53.)

On September 20, 2011, the governor signed Assembly Bill No. 17X. (Stats. 2011, 1st Ex. Sess. 2011-2012, ch. 12, § 35.) This version of section 4019, which is the current version of the statute, retained the enhanced conduct credit provision; thus, four days is deemed to have been served for every two days spent in actual custody. (§ 4019, subd. (f).) As relevant here, section 4019, subdivision (h), provides: "The changes to this section enacted by the act that added this subdivision shall apply prospectively and shall apply to prisoners who are confined to a county jail, city jail, industrial farm, or road camp for a crime committed on or after October 1, 2011. Any days earned by a prisoner prior to October 1, 2011, shall be calculated at the rate required by the prior law." Relying on these two sentences in subdivision (h), appellant contends he is entitled to a bifurcated calculation for his crime—which he committed before October 1, 2011—so

3

that he receives credits at the less generous rate for time spent in custody before October 1, 2011, and credits at the more generous rate for time spent in custody after that date.

As appellant acknowledges, several courts of appeal have rejected the argument he makes on appeal. (See *People v. Rajanayagam* (2012) 211 Cal.App.4th 42 (*Rajanayagam*); *People v. Kennedy* (2012) 209 Cal.App.4th 385; *People v. Ellis* (2012) 207 Cal.App.4th 1546 (*Ellis*).) Appellant argues the cases were wrongly decided, but we conclude that the reasoning set forth in these cases is sound and, therefore, reject appellant's contention.

In *Rajanayagam*, *supra*, 211 Cal.App.4th 42, 51, the court rejected the same contention, stating "to read the second sentence in this manner renders meaningless the first sentence. This we cannot do." The court further noted, " ' " 'It is an elementary rule of construction that effect must be given, if possible, to every word, clause and sentence of a statute.' A statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant, and so that one section will not destroy another unless the provision is the result of obvious mistake or error." ' (*Rodriguez v. Superior Court* (1993) 14 Cal.App.4th 1260, 1269.)" (*Ibid.*) The court therefore refused to read the second sentence of subdivision (h) as requiring a separate calculation for conduct credits earned by a defendant after October 1, 2011, if the offense was committed before October 1, 2011. The court reasoned that such a reading "would render the first sentence superfluous." (*Ibid.*)

Similarly, in *Ellis*, *supra*, 207 Cal.App.4th 1546, 1553, the court held: "In our view, the Legislature's clear intent was to have the enhanced rate apply *only* to those defendants who committed their crimes on or after October 1, 2011. [Citation.] The second sentence does not extend the enhanced rate to any other group, but merely specifies the rate at which all others are to earn conduct credits."

We agree that the first sentence in subdivision (h) reflects the Legislature's intent that the enhanced conduct credit provision was to apply only to those defendants who committed their crimes on or after October 1, 2011, and that the second sentence does not

4

extend the enhanced conduct credit provision to any other group, namely those defendants who committed offenses before October 1, 2011, but are in local custody on or after October 1, 2011. Rather, the second sentence attempts to clarify that defendants who committed an offense before October 1, 2011, are to earn credit under the prior law. Because appellant committed his crimes before October 1, 2011, the enhanced calculation under the current version of section 4019 does not apply. Accordingly, the trial court properly calculated his conduct credits under the prior law, and appellant is not entitled to additional days of credit.

**DISPOSITION**

The judgment is affirmed.

_____
McGuiness, P. J.

We concur:

_____
Siggins, J.

_____
Jenkins, J.