Filed 1/30/14  P. v. Sands CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ARIC RAYMOND SANDS,<br><br>Defendant and Appellant. | C073808<br><br>(Super. Ct. No. 11F04461) |

Appointed counsel for defendant Aric Raymond Sands has asked this court to review the record to determine whether there exist any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Defendant has filed a supplemental brief seeking additional credit.  We shall affirm the judgment.

**BACKGROUND**

On or around June 20, 2011, defendant drove a pickup truck without the owner's consent or permission.  Defendant was charged with driving or taking of a motor vehicle

(Veh. Code, § 10851, subd. (a)) and receiving a stolen vehicle (Pen. Code,[1] § 496d, subd. (a)) with a prior strike and four prior prison term allegations (§§ 1170.12, 667.5, subd. (b)).

Defendant pleaded no contest to unlawful driving or taking of a motor vehicle and admitted four prior prison terms, with the remaining charge and strike allegation dismissed in the interests of justice. Pursuant to the plea agreement, defendant received a sentence of eight years in state prison; the trial court stayed execution of the sentence and placed defendant on five years of formal probation subject to various terms and conditions including completing a residential drug treatment program.

Defendant subsequently admitted to violating his probation by failing to successfully complete the program. The trial court executed the eight-year term and awarded 523 days of presentence credit (383 actual and 140 conduct). It subsequently amended the award to 573 days (383 actual and 190 conduct) and again to reflect 48 days spent in the program, for an award of 621 days (431 actual and 190 conduct).

Defendant appeals. He did not obtain a certificate of probable cause.

## DISCUSSION

Counsel filed an opening brief that sets forth the facts of the case and requests that we review the record and determine whether there are any arguable issues on appeal. (*Wende, supra,* 25 Cal.3d 436.) Defendant filed a supplemental brief contending he is entitled to the application of a more favorable conduct credit formula under the principals of equal protection. We disagree.

"The essence of an equal protection claim is that two groups, similarly situated with respect to the law in question, are treated differently. [Citations.]" (*Grossmont Union High School Dist. v. State Dept. of Education* (2008) 169 Cal.App.4th 869, 892.)

---

[1] Further undesignated statutory references are to the Penal Code.

In *People v. Brown* (2012) 54 Cal.4th 314, our Supreme Court held that a prior amendment to section 4019 must be read prospectively only, even though the Legislature did not expressly so state, and even though this meant "prisoners whose custody overlapped the statute's operative date . . . earned credit at two different rates." (*Brown*, *supra*, at p. 322.) *Brown* reasoned that "the important correctional purposes of a statute authorizing incentives for good behavior [citation] are not served by rewarding prisoners who served time before the incentives took effect and thus could not have modified their behavior in response. That prisoners who served time before and after former section 4019 took effect are not similarly situated necessarily follows." (*Id*. at p. 328.)

Following *Brown's* lead, two appellate courts have concluded that persons who commit crimes before and after the October 1, 2011, effective date of the new credit formula are not similarly situated, and therefore those on the "wrong" side of the dateline have not suffered an equal protection violation. (See *People v. Ellis* (2012) 207 Cal.App.4th 1546, 1550-1552 (*Ellis*); *People v. Kennedy* (2012) 209 Cal.App.4th 385, 396-397.)

And although two other appellate courts have found the two groups to be similarly situated, those courts have held that treating those two groups differently is subject to rational-basis scrutiny--not "strict" scrutiny as defendant seeks to apply herein--and that the disparate treatment caused by legislative line-drawing regarding accrual of presentence credits survives such scrutiny. (See *People v. Verba* (2012) 210 Cal.App.4th 991, 995-997 (*Verba*); *People v. Rajanayagam* (2012) 211 Cal.App.4th 42, 53-56 (*Rajanayagam*).)

Like the *Verba* court: "We see nothing irrational or implausible in a legislative conclusion that individuals should be punished in accordance with the sanctions and given the rewards in effect at the time they committed their offense." (*Verba, supra*, 210 Cal.App.4th at p. 997.) Accordingly, even if we found the two groups similarly

situated, we would find a rational basis for the disparate treatment, and therefore defendant has not established an equal protection violation in this case.

Defendant adds that he is entitled to retroactive application of the amendment to section 4019 under the rule of lenity. Under the rule of lenity, "California [courts] will ' "construe a penal statute as favorably to the defendant as its language and the circumstances of its application may reasonably permit . . . ." ' [Citation.]" (*In re Michael D.* (2002) 100 Cal.App.4th 115, 125.) "However, application of the rule of lenity is inappropriate unless, after consideration of the intent of the statute, the canons of statutory construction, and an analysis of the legislative history, the statute is still ambiguous." (*Ibid.*)

Section 4019, subdivision (h) provides: "The changes to this section enacted by the act that added this subdivision shall apply prospectively and shall apply to prisoners who are confined to [specified facilities] for a crime committed on or after October 1, 2011. Any days earned by a prisoner prior to October 1, 2011, shall be calculated at the rate required by the prior law." While the first sentence of subdivision (h) expresses the Legislature's intent that application of the enhanced conduct credits are limited to defendants whose crimes are committed on or after October 1, 2011, the second sentence of the subdivision arguably implies any days earned by a defendant on or after October 1, 2011, should be calculated at the rate required by the current law.

Two appellate courts have addressed this ambiguity and interpreted section 4019, subdivision (h) to give effect to both sentences, such that neither sentence will be rendered inoperative, superfluous, void, or insignificant. In *Ellis*, the court concluded: "In our view, the Legislature's clear intent was to have the enhanced rate apply *only* to those defendants who committed their crimes on or after October 1, 2011. [Citation.] The second sentence does not extend the enhancement rate to any other group, but merely

4

specifies the rate at which all others are to earn conduct credits.  So read, the sentence is not meaningless, especially in light of the fact the October 1, 2011, amendment to section 4019, although part of the so-called realignment legislation, applies based on the date a defendant's crime is committed, whereas section 1170, subdivision (h), which sets out the basic sentencing scheme under realignment, applies based on the date a defendant is sentenced." *(Ellis, supra*, 207 Cal.App.4th at p. 1553.)

In *Rajanayagam*, the court concluded:  "[W]e cannot read the second sentence to imply any days earned by a defendant after October 1, 2011, shall be calculated at the enhanced conduct credit rate for an offense committed before October 1, 2011, because that would render the first sentence superfluous." (*Rajanayagam, supra*, 211 Cal.App.4th at p. 51.)  The appellate court explained its reasoning:  "[S]ubdivision (h)'s second sentence attempts to clarify that those defendants who committed an offense before October 1, 2011, are to earn credit under the prior law.  However inartful the language of subdivision (h), we read the second sentence as reaffirming that defendants who committed their crimes before October 1, 2011, still have the opportunity to earn conduct credits, just under prior law.  [Citation.]  To imply the enhanced conduct credit provision applies to defendants who committed their crimes before the effective date but served time in local custody after the effective date reads too much into the statute and ignores the Legislature's clear intent in subdivision (h)'s first sentence." (*Id.* at p. 52.)

We agree with the reasoning of *Ellis* and *Rajanayagam*.  Because the ambiguity cited by defendant has been properly resolved by statutory construction of subdivision (h), the rule of lenity is not applicable.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.


      _____DUARTE_____, J.


We concur:


_____BLEASE_____, Acting P. J.


_____NICHOLSON_____, J.